52540. HUDSON v. COLUMBUS, GEORGIA et al.

STOLZ, Judge.

In January 1974, the appellant, who was sixty-nine years of age at the time, boarded one of the appellee's buses and paid his fare. He then dropped some of the contents of his wallet on the floor of the bus. While the appellant was in the aisle retrieving his valuables, the bus started in motion and then stopped suddenly when a car pulled into its path. The appellant fell. Thereafter, the

appellant sued the appellee for injuries received in the fall due to the appellee's alleged negligence. At the trial, there was a conflict in the medical evidence. Judgment was rendered on a jury verdict in favor of the appellee, from which judgment the appellant appealed.

1. It is first necessary to dispose of the appellee's motion to dismiss this appeal. In his appeal to this court, the appellant made several enumerations of error which will be discussed below. However, he did not list in his enumerations the trial court's granting of judgment for the appellee or its denial of the appellant's motion for new trial. The appellee moves this court to dismiss the appeal on the theory that there is no enumeration of error based upon a normally appealable judgment. This motion, however, must be denied. The appellee's argument has been rejected by this court and is without merit. *Checker Cab Co. v. Fedor,* 134 Ga. App. 28 (1) (213 SE2d 485); *Slay v. Brady,* 126 Ga. App. 249 (1) (190 SE2d 445); see Code Ann. § 6-809 (d) (Ga. L. 1965, pp. 18, 29, 240, 241; 1966, pp. 493, 500; 1968, pp. 1072, 1073, 1074; 1972, p. 624; Code Ann. § 24-3614 (e)).

2. The appellant contends that the court erred in failing to charge Code Ann. § 68-1646 (Ga. L. 1953, Nov. Sess., pp. 556, 587, repealed by Ga. L. 1974, pp. 633, 691) upon oral request. However, there can be no error in denial of an oral request. *Sapp v. Kitchens,* 124 Ga. App. 764 (3) (186 SE2d 121); see Code Ann. § 70-207 (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078).

3. The appellant also alleges error in the trial court's charges on comparative and equal negligence and on avoidance of the defendant's negligence. He excepted to the avoidance doctrine on the ground that there was no evidence to support it, and he excepted to the comparative and equal negligence doctrines on the grounds that no evidence supported them and that ordinary care, which was required of the appellant, and extraordinary care, which was required of the appellee as a public carrier, can not be compared.

We can not hold that there was no evidence of the appellant's negligence or lack of avoidance. The jury might have concluded that the appellant should have paid more attention to taking a seat or holding a rail than to

immediately collecting the things that fell from his billfold. It could have found that he fell because of his own carelessness, or that he could have broken his fall by grabbing a handrail. The "any evidence" rule can be invoked to justify these charges. *Jackson Atlantic, Inc. v. Wright,* 129 Ga. App. 857 (6) (201 SE2d 634).

4. The appellant's theory that ordinary and extraordinary care can not be compared was rejected by this court's recent decision in *Knight v. Atlanta Transit Systems, Inc.,* 137 Ga. App. 667 (3) (224 SE2d 790). Therefore, we find his objection on that theory to be meritless.

5. The appellant's objection to the judgment on general grounds is also without merit. The jury would have been warranted in finding that the appellee was not negligent or that the appellant had been contributorily negligent. It might have concluded that the appellant was not injured. Under the "any evidence" rule, the verdict and judgment must be upheld. See *Allen v. State,* 137 Ga. App. 21 (1) (222 SE2d 856).

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED SEPTEMBER 20, 1976 — DECIDED OCTOBER 5, 1976.

*Billy E. Moore,* for appellant.
*Lennie F. Davis, E. H. Polleys, Jr.,* for appellees.