68464. SEAY v. URBAN MEDICAL HOSPITAL, INC.
(323 SE2d 190)

QUILLIAN, Presiding Judge.

Plaintiff-appellant Seay appeals the verdict and judgment in favor of defendant-appellee hospital in an action alleging medical malpractice.

Appellant was injured in an automobile collision resulting in an injury to her neck. Several months after the collision she was hospitalized in appellee hospital and underwent surgery (anterior cervical fusion) in which three of her cervical vertebrae were fused together. The surgery was apparently successful. Appellant alleged that while she was recuperating in the hospital about six days after the operation, one of appellee's nurses negligently jerked her up in bed without following the surgeon's instructions on moving her, causing the fusing bone graft to displace or dislocate. This resulted in another operation in which four of her cervical vertebrae were fused together. *Held*:

1. In two enumerations of error appellant contends that the defense counsel in argument improperly referred to the fact that she had health insurance and, after objection, the trial court failed to properly rebuke counsel, or instruct the jury to disregard and did not give her orally requested instruction to charge on the collateral source rule.

Appellant's hospital record was introduced in evidence by appellant. It contained the notation of her insurance and was given to the jury for their deliberations on the verdict. When the defense counsel made the reference to the appellant's hospital insurance, he explained

that his purpose was to advise the jury that the court would charge them that the hospital was not an insurance company, not an insurer. Nothing was mentioned concerning the payment of any hospital insurance benefits. Appellant's argument apparently is that defense counsel brought to the jury's attention a matter in evidence which they might not have discovered themselves. We view it as a proper comment on evidence introduced by appellant.

Also, appellant made no written request for an instruction on the collateral source rule, which does not preserve this issue for review. OCGA § 5-5-24 (a); *Hudson v. Columbus, Ga.*, 139 Ga. App. 789 (2) (229 SE2d 671).

Moreover, the collateral source rule was inapplicable as there was no evidence that any payments of the hospital insurance benefits were made. *Insurance Co. v. Fowler*, 148 Ga. App. 509 (2), 511 (251 SE2d 594).

Accordingly, there is no merit in these enumerations.

2. Appellant alleges that the trial court, on hearsay objections, improperly prevented her from presenting the testimony of her granddaughter, her daughter and herself as to what Dr. Cohen, her surgeon, told them and the hospital personnel concerning how she should be moved while recuperating from the operation.

The granddaughter was permitted to testify that Dr. Cohen gave instructions on how appellant should be moved, but was not permitted to relate what the instructions were. The daughter's testimony that she heard Dr. Cohen give instructions was ruled out. However, when appellant testified, the trial court overruled defense objections and permitted her to state what Dr. Cohen said about how she should be moved. In addition, Dr. Cohen, in his deposition testimony, described how a post-operative patient such as appellant should be moved.

Thus, although it was error to exclude the testimony of the granddaughter and daughter as to what Dr. Cohen's instructions were, the error was rendered harmless by appellant's and Dr. Cohen's subsequent testimony on the same subject. *Firestone Tire &c. Co. v. Pinyan*, 155 Ga. App. 343 (6) (270 SE2d 883).

3. At the commencement of the trial the trial court acted upon appellant's motion in limine, concerning exclusion of evidence about the automobile collision which caused the original injury to her neck, by stating: "I think this jury has a right to know if she received any injuries that might have contributed or attributed to this permanent disability and I will permit him (appellee's counsel) to ask her if she has — if this matter has been settled, but I will not permit you to go into any amounts."

During appellee's cross-examination of appellant, she admitted she had sued the person (Ray) who collided with her causing her neck

injury. Whereupon appellee's counsel asked: "And in that suit you sued for $500,000? A. I don't know about that. I got $10,000 and that was all he had and Mr. Thompson got a third of that." No objection or motion was made to this answer, but none is required when a motion in limine has been granted to preserve the issue for appellate review. *Reno v. Reno*, 249 Ga. 855 (295 SE2d 94).

Thereafter, during argument, appellee's counsel stated: "One good reason for (appellant) coming up with (the name of nurse Conlin who appellant claimed caused the injury) at this late date is because Ray only had $10,000 and I ask you whether or not we would be here were it not for that and that's not the hospital's fault and it's not . . . Conlin's fault . . . [I]f Ray had had (the money) we wouldn't even be here today."

We hold that appellee violated the court's ruling on the motion in limine by questioning of appellant which put into evidence the amounts she had claimed and recovered in her suit against Ray. Was this violation of the motion prejudicial to appellant?

"[T]he worldly circumstances or financial standing of the parties to a negligence action . . . has absolutely no relevancy. It is improper to refer to it in the evidence. It is error for the judge to refer to it in the charge. And it is wrong for counsel to make reference to it in their argument to the jury. [Cits.] 'Litigants are entitled in an action for compensatory damages to a trial on the merits without regard to their financial status.' [Cit.]" *Usry v. Bostick*, 112 Ga. App. 76 (3), 79 (143 SE2d 781), reversed on other grounds 221 Ga. 647 (146 SE2d 882). Compare *American Oil Co. v. McCluskey*, 118 Ga. App. 123 (162 SE2d 853), reversed 225 Ga. 63 (165 SE2d 830); *Camp v. T. E. Cline, Inc.*, 141 Ga. App. 328 (6) (233 SE2d 280).

The improperly admitted evidence of the amount recovered by appellant for the original injury to her neck was not an inadvertence as it was subsequently used against appellant in argument. Under these circumstances we cannot say as a matter of law that the improper admission and use of this evidence did not influence the verdict of the jury. Accordingly, we reverse.

4. Error is enumerated because the trial court refused to charge that nurse Conlin, whom appellant's evidence identified as causing the injury by improperly moving appellant, was an agent of appellee as a matter of law. It is also claimed that the court erred in failing to charge that there was no assumption of risk or plaintiff's negligence as a matter of law, or alternatively not to charge on assumption of risk and plaintiff's negligence.

As there was no written request for a charge that Conlin was an agent of appellee as a matter of law, this issue is not preserved for appellate review. OCGA § 5-5-24 (a); *Hudson v. Columbus, Ga.*, 139 Ga. App. 789 (2), supra.

There was medical testimony that the anterior cervical fusion operation on appellant was at its best only 80 percent successful and that appellant was well aware of the risk. Therefore, a charge on assumption of risk was authorized by the evidence.

The evidence showed that appellant's relatives were with her nearly constantly and that she had been sitting up, walking and going to the bathroom prior to the injury. From such evidence it is inferable that appellant herself could have caused the injury by her own movements or movements of her body she directed her relatives to make. Therefore, a charge on her negligence was proper. "The amount of evidence which makes [a charge on plaintiff's negligence] appropriate, and thus renders it error to refuse a timely request, need not be great. It is sufficient if there is slight evidence from which, as here, inferences of negligence can be drawn by the jury. [Cit.]." *Davis v. Hammock*, 123 Ga. App. 33 (3), 36 (179 SE2d 283).

*Judgment reversed. Birdsong and Pope, JJ., concur. Carley, J., disqualified.*

DECIDED SEPTEMBER 14, 1984 —
REHEARING DENIED OCTOBER 10, 1984 

*Michael D. Goodman, Clifford J. Steele*, for appellant.
*Lynn A. Downey, Y. Kevin Williams*, for appellee.