A90A0984. ARNOLD v. ARNOLD.
(397 SE2d 724)

McMURRAY, Presiding Judge.

This marks the second appearance of this automobile negligence case in our appellate courts. Previously, in *Arnold v. Arnold*, 189 Ga. App. 101 (375 SE2d 225), aff'd 259 Ga. 150 (377 SE2d 856), we reversed the grant of defendant's motion for summary judgment holding that defendant driver, an emancipated child having reached the age of majority before the trial court entered its order granting summary judgment, could be sued by plaintiff passenger, her unemancipated sister. This appeal follows the rendition of a verdict and judg-

ment in defendant's favor and the denial of plaintiff's motion for a new trial.

At the time in question, plaintiff (who was 10-years-old) was a front seat passenger in an automobile driven by defendant (who was 16-years-old). The automobile was heading westbound on a two-lane road. Plaintiff was asleep at that time; she was not wearing a seat belt; defendant had not told her to wear one. Suddenly, the automobile crossed the centerline and struck another vehicle coming in the opposite direction. Plaintiff and defendant were seriously injured in the collision. Neither one was able to explain why the automobile crossed the centerline. *Held*:

1. The trial court charged the jury as follows: "Ladies and gentlemen, ordinary negligence means simply the absence of or the failure to exercise ordinary care or diligence. Ordinary care or diligence is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances." Subsequently, the trial court added the following charge pertaining to a child of tender years: "[T]he term, due care, when used in reference to a child of tender years, is such care as the child's mental and physical capabilities enable him to exercise in the actual circumstances of the occasion and situation under investigation."

Later the court continued its charge in this manner: "[A]s to the claim of the plaintiff, the Georgia Law of Comparative Negligence is applicable. That rule of law is as follows: If you find that the negligence of the defendant, if any, was less than the negligence of the plaintiff, if any, then in that event, the plaintiff could not recover. If you find that the negligence of the defendant, if any, was equal to the negligence of the plaintiff, if any, then in that event, the plaintiff could not recover. If you find that the negligence of the defendant, if any, was greater than the negligence of the plaintiff, if any, then in that event, the plaintiff could recover, but the amount of the recovery would be reduced by the degree of negligence chargeable to the plaintiff. This rule of comparative negligence relates only to the issue of the plaintiff's use of a seat belt at the time of the occurrence in question in this suit. This is explained in the following charge."

The trial court went on: "I charge you, ladies and gentlemen, that *under our law, the plaintiff has a duty to exercise ordinary care for for her own safety.* If you find under the evidence that the plaintiff was not using her seat belt at the time of the occurrence involved in this lawsuit, you would be authorized to consider whether the plaintiff's failure to wear her seat belt was [negligence] and that such failure to wear her seat belt contributed to the severity of her injuries. If you find that the plaintiff was negligent in this regard, you would be authorized to compare the plaintiff's negligence, if any, with the defendant's negligence, if any, and apply the rules of comparative negli-

gence as given by this court. In this regard, I charge you that *if you find that plaintiff was not using her seat belt at the time of the accident, such failure would not relate in any way to the issue of the liability of the defendant, but such failure to use a seat belt would be relevant only to the issue of damages. You are therefore authorized only to consider the extent to which the failure to use a seat belt may have contributed to the injuries sustained by the plaintiff and reduce the damages in accordance with the extent which you find that such failure contributed to the plaintiff's injuries."* (Emphasis supplied.)

Relying upon *Sturdivant v. Polk*, 140 Ga. App. 152, 153 (3) (230 SE2d 115), plaintiff contends the trial court erred in giving conflicting charges with regard to plaintiff's standard of care. In *Sturdivant*, the trial court instructed the jury that plaintiff, an 11-year-old child, was charged with a duty of ordinary care. Later, the trial court properly instructed the jury that a child of tender years is bound to exercise due care according to his or her age and capacity. Finding error, this court held: "An erroneous and injurious instruction is not cured by a correct statement of law in another part of the charge to the jury wherein the incorrect charge is not expressly withdrawn from the jury's consideration and their attention directed thereto. [Cits.]" *Sturdivant v. Polk*, 140 Ga. App. 152, 153 (3), 154, supra.

We agree with plaintiff that (1) the trial court erred in charging the jury that plaintiff had a duty to exercise ordinary care for her own safety and (2) the error was not cured by the fact that the trial court previously charged the jury correctly regarding the standard of care for a child of tender years. Nevertheless, we find no merit in plaintiff's first enumeration of error because it cannot be said that plaintiff was harmed by the erroneous charge. The erroneous charge was limited to a consideration of comparative negligence insofar as plaintiff was not using a seat belt. The jury was instructed that the failure to use a seat belt pertained only to the issue of damages. Thus, in view of the jury's verdict in favor of defendant absolving defendant of liability, any error in the charge complained of regarding damages was harmless. *Reese v. Lyons*, 193 Ga. App. 548 (4) (388 SE2d 369); *Wendlandt v. Shepherd Constr. Co.*, 178 Ga. App. 153, 154 (1), 155 (342 SE2d 352); *Tittle v. McCombs*, 129 Ga. App. 148, 150 (9) (199 SE2d 363).

Citing *Sturdivant v. Polk*, 140 Ga. App. 152, supra, and *Kendrick v. High Shoals Mfg. Co.*, 21 Ga. App. 315 (94 SE 287), plaintiff asserts that on previous occasions we have not deemed a charge such as the charge given in this case to be harmless in spite of a defendant's verdict. This assertion misses the mark. The erroneous charge in the case sub judice was clearly limited to issues of comparative negligence and damages.

2. At the outset of the trial, plaintiff filed a motion in limine to prevent defendant from making references to a number (16) of topics, including defendant's employment status or enrollment in an institution of higher learning; the family or financial status of either plaintiff or defendant; the source of any payment of plaintiff's medical bills; the extent of defendant's injuries; and any medical treatment which defendant received. The trial court made no specific ruling with regard to the motion: "I'm not going down and rule on everyone of these sixteen items. He knows that you don't go into family circumstances. The circumstances of the parties is totally irrelevant evidence. He knows that. How much money somebody has and how much money somebody doesn't have. . . . I'm not going through that, one, two, three, four, five, six, seven, eight, nine, ten through sixteen. We've got to get on with the trial of this case. . . . The motion basically says you are not going to do something that's improper and I'm not going to sit here and tell every lawyer before he tries a case, and say this is improper, don't you do it. [Defense counsel] knows that's improper and he knows he better not do it. I see no problem with that at all."

Subsequently, during the course of the trial, defendant introduced evidence concerning the extent of her injuries, her college education and her plans to enter nursing school. In addition, evidence was elicited regarding the marital status of plaintiff's mother and father (they are divorced), the fact that plaintiff lives with her mother and the fact that plaintiff's medical bills were rendered in her father's name.

Plaintiff contends the trial court erred in permitting defendant to introduce such evidence in the face of the motion in limine. In this regard, plaintiff acknowledges that no objections were made to the evidence. She insists, however, that, in light of the trial court's ruling upon the motion in limine, any error pertaining to the admission of the evidence was preserved for appellate review. See *Reno v. Reno*, 249 Ga. 855 (295 SE2d 94). We disagree for the simple reason that the trial court did not clearly rule upon the 16 items raised in the motion in limine. On the contrary, the trial court expressly postponed any decision pertaining thereto. Thus, it was incumbent upon plaintiff to object to the introduction of evidence pertaining to the 16 items in order to preserve these issues for appeal. See *Albea v. Jackson*, 236 Ga. 690 (1), 691 (225 SE2d 46).

3. The evidence demonstrated unequivocally that the automobile driven by defendant crossed the centerline of the highway in violation of OCGA § 40-6-40 (a). "A violation of the Uniform Rules of the Road prima facie establishes negligence per se in the absence of a valid defense. *Johnson v. McAfee*, 151 Ga. App. 774 (2) (261 SE2d 708) (1979). '(T)he burden then shifts to the defendant to show that the

violation was unintentional and in the exercise of ordinary care. (Cits.)' *Williams v. Calhoun*, 175 Ga. App. 332, 333-34 (333 SE2d 408) (1985)." *Cox v. Cantrell*, 181 Ga. App. 722, 724 (5) (353 SE2d 582).

Defendant offered no explanation as to why the automobile she was driving crossed the centerline. She did not contend that she crossed the centerline in the exercise of ordinary care. In fact, she could not remember a single detail about the collision. Thus, with regard to the proximate cause of plaintiff's injuries, the evidence points only to the negligence of defendant. It follows that the evidence was insufficient to support the verdict and that the trial court erred in failing to grant plaintiff's motion for a new trial upon the general grounds.

*Judgment reversed. Carley, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 28, 1990.

*Rosenzweig, Kam, Jones & MacNabb, Joseph P. MacNabb*, for appellant.

*Frank E. Jenkins III, Sharon C. Barnes*, for appellee.