A90A1423. WILLIAMS v. THE STATE.
(398 SE2d 427)

POPE, Judge.

Defendant Victor Terel Williams was convicted of possession of cocaine, and appeals.

1. The arresting officer testified he observed the defendant throw down a matchbox as he drove up beside a night club where defendant was standing. The area was known to be a place where drugs are sold. The officer retrieved the matchbox and discovered it contained a substance which later tested to be crack cocaine. The incident occurred at approximately 4:00 in the afternoon in broad daylight. According to one of defendant's witnesses, another individual and not the defendant threw down the matchbox. We reject defendant's argument that the evidence was insufficient to support the conviction. The direct testimony of the officer was sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "The jurors must weigh and resolve any conflicts presented by the evidence. The appellate court must view the evidence in the light most favorable to the jury's verdict. [Cit.] Based on the evidence presented at trial, we are satisfied that any rational trier of fact could have found the [defendant] guilty beyond a reasonable

doubt." *King v. State*, 157 Ga. App. 733, 734 (1) (278 SE2d 491) (1981).

2. Defendant testified he told the arresting officer when he was arrested that the matchbox was not his and asked for a fingerprint test and a urine test. On rebuttal the arresting officer testified the defendant gave no statement after arrest and denied the defendant told him the cocaine did not belong to him. Generally, the defendant's exercise of his constitutional right to remain silent cannot be used as inculpatory evidence against the defendant. However, testimony the defendant remained silent can be presented to impeach defendant's testimony otherwise. "It goes almost without saying that the fact of post-arrest silence could be used by the prosecution to contradict [the statements defendant claims to have made to police upon arrest]." *Doyle v. Ohio*, 426 U. S. 610, 619, n. 11 (96 SC 2240, 49 LE2d 91) (1976). The trial court did not err in permitting the officer's rebuttal testimony.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 24, 1990.

*Robert Culpepper III*, for appellant.
*J. Brown Moseley, District Attorney*, for appellee.