## A91A0269. ANDERSON v. THE STATE.
(405 SE2d 558)

BIRDSONG, Presiding Judge.

Appellant was convicted of operating a motor vehicle after being declared a habitual violator and appeals, enumerating as error the insufficiency of the evidence, the introduction of evidence regarding his parole status and the sentence imposed. *Held*:

1. The State presented evidence showing appellant met with a substitute parole officer. The parole officer and appellant talked for ten to 15 minutes, and appellant left; the parole officer decided to follow because he suspected appellant might be driving a car, which he was prohibited from doing as a habitual violator. The parole officer's view of appellant was sometimes obstructed for short intervals,

but he observed appellant get into a foreign compact car and drive away.

Kenneth Johnson testified appellant lived with him, and he often drove appellant to work and to meetings with his parole officer, because appellant had no driver's license. Johnson could not remember specific dates or times, or how many times he drove appellant, but he did recall parking in the gravel parking lot next to the parole officer while he was driving a friend's silver Datsun. During the time appellant resided with Johnson, he did not have a car and Johnson never saw him drive one. Appellant testified that on the date in question he remembered the parole officer calling and telling him to report to his office, and that Johnson drove him there in a silver Datsun. He stated that when he left the meeting he crossed the street and walked down a dirt pathway to where the car was parked in the gravel parking lot, and that he entered the car on the passenger side and waited several minutes for Johnson to return and drive him home.

Appellant contends that because the parole officer did not observe him the entire time, he could have mistaken the identity of the person he saw driving. "We reject [appellant's] argument that the evidence was insufficient to support the conviction. The direct testimony of the [parole] officer was sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). 'The jurors must weigh and resolve any conflicts presented by the evidence. The appellate court must view the evidence in the light most favorable to the jury's verdict. (Cit.) Based on the evidence presented at trial, we are satisfied that any rational trier of fact could have found the [appellant] guilty beyond a reasonable doubt.' [Cit.]" *Williams v. State*, 197 Ga. App. 368, 369 (1) (398 SE2d 427).

2. Appellant asserts the trial court erred in denying his motion for mistrial as his character was placed in evidence by testimony that appellant was on parole.

Testimony was received, without objection or timely motion for mistrial, that the chief parole officer met with defendant at the parole office after being asked to speak to him "by his parole officer." After several other questions were posed and answered, appellant requested an out-of-court hearing during which he made a motion for mistrial, because by stating appellant was on parole, the parole officer implied appellant had a criminal record which put his character in issue.

"A motion for mistrial not made at the time the testimony objected to is given is not timely and will be considered as waived because of the delay in making it." *Thaxton v. State*, 260 Ga. 141, 143 (5) (390 SE2d 841); compare *Dye v. State*, 177 Ga. App. 824, 825 (341 SE2d 314).

3. Appellant complains that the trial court erroneously sentenced him as a recidivist under OCGA § 17-10-7 (b), as he must have been

indicted for recidivism in order to have recidivist punishment imposed. During the sentencing phase of the trial, the State introduced four previous felony convictions of appellant in aggravation of punishment. Appellant was served notice that evidence in aggravation would be used and was provided a list of the prior convictions through his counsel the day before the trial began. Under OCGA § 17-10-2 (a), "such evidence in aggravation as the state has made known to the defendant prior to his trial shall be admissible." Appellant was sentenced pursuant to OCGA § 17-10-7 (b), which provides that any person who has been convicted of three felonies, other than a capital felony, must upon conviction of a fourth or subsequent offense serve the maximum sentence.

The Supreme Court established in *State v. Hendrixson*, 251 Ga. 853, 854 (310 SE2d 526), "that the only purpose for inclusion of prior offenses in an indictment 'is to give to the accused unmistakable advance warning that the prior convictions will be used against him at sentencing.' The trial court in sentencing cannot consider prior offenses unless the same was made known to defendant prior to trial (id. pp. 854-855); notice to defendant of intent to prosecute as a recidivist performs the function of any such notice in an indictment. The language of the specific recidivist statute in *Hendrixson*, supra, is 'merely a direction as to the imposition of punishment under specified aggravated circumstances' and does not require an allegation of a prior offense in the indictment. Id. p. 854. The same is true of the general recidivist statute at OCGA § 17-10-7. In fact, section (d) of the statute provides: 'This Code section is supplemental to other provisions relating to recidivist offenders.' " *Anderson v. State*, 176 Ga. App. 255, 256 (335 SE2d 487). Thus, "it is not required that the prior convictions be included in the indictment but only that the accused received notice of the [S]tate's intention to seek recidivist punishment and of the identity of the prior convictions. [Cits.]" *Favors v. State*, 182 Ga. App. 179 (1) (355 SE2d 109). Since appellant received such notice, the sentence imposed was lawful and proper. Compare *State v. Freeman*, 198 Ga. App. 553, 556 (3) (402 SE2d 529) (1991).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED APRIL 17, 1991.

*Robert H. Suttles*, for appellant.
*Robert E. Keller, District Attorney, Lisa C. Curia, Assistant District Attorney*, for appellee.