A91A2261. SCOTT v. CHAPMAN et al.
(416 SE2d 111)

SOGNIER, Chief Judge.

Sandra Scott brought suit against William Chapman to recover damages for injuries she incurred as a result of a collision between the car in which she was a passenger and a car driven by Chapman. Since Chapman was uninsured, State Farm Insurance Company, Scott's uninsured motorist insurance carrier, was served pursuant to OCGA § 33-7-11 (d). Judgment was entered on a jury verdict in favor of Scott. Finding the verdict inadequate, Scott filed this appeal.

1. Appellant contends the trial court erred by denying her motion for a mistrial. After the direct examination of appellant during her case in chief but before cross-examination, appellant moved in limine for an order prohibiting appellees from cross-examining her regarding a shoplifting charge. After considerable colloquy among both counsel and the court, the trial court ruled that appellees could attempt impeachment of appellant using the shoplifting charge only by introducing into evidence a certified copy of her shoplifting conviction and could not cross-examine appellant regarding the charge. Thereafter, in his cross-examination of appellant, appellees' counsel lifted a document, showed it to appellant, and asked: "Handing you a certified copy of a shoplifting conviction, is that for April 27th?" Appellant answered, "[y]es, sir." No objection was made by appellant, and appellees' counsel immediately moved on to other topics in his cross-examination. At the close of appellees' evidence, defense counsel indicated he would not tender a certified copy of the "conviction" into evidence. After appellant objected vigorously and the objection was overruled, appellant moved for a mistrial. The trial court denied that motion on the basis that appellant had not objected to the question and answer.

On appeal, appellant argues that she did not object to the question and answer because she anticipated that the certified copy of the conviction would be introduced into evidence in accordance with the previous ruling by the trial court, but that given appellees' subsequent refusal to enter the document into evidence, the question and answer had a highly prejudicial effect on the jury.[1]

---

[1] We note, although it is not essential to our decision, that it is now apparent that appellees' counsel could not have had a certified copy of appellant's shoplifting conviction in hand

"[A] witness cannot be discredited even by his own testimony that he was convicted of a crime involving moral turpitude. It is necessary that a copy of the record of conviction be introduced. [Cit.] Accordingly, the testimony of a witness that he has done some act that the law makes a crime is not a legal method of impeachment." *Durrett v. State*, 135 Ga. App. 749, 752 (3) (219 SE2d 9) (1975). This rule is consonant with the principle prohibiting "evidence, except as specifically allowed by law, of a witness' conduct in other transactions, criminal or otherwise, having no logical connection with the subject matter of his testimony. The questioning complained of was obviously an attempt, under the guise of testing the witness' memory, to discredit [her] by testimony inadmissible for the purpose of impeachment. The law does not condone an indirect attack on a witness' character by evidence that would not be permitted in a direct attack on it." *Rewis v. State*, 109 Ga. App. 83, 86 (134 SE2d 875) (1964).

It is clear from the record that appellees' counsel violated the trial court's order on appellant's motion in limine. Although no objection was made to the question and answer, when a motion in limine has been granted no further objection is required to preserve the issue for appellate review. *Seay v. Urban Med. Hosp.*, 172 Ga. App. 344, 346 (3) (323 SE2d 190) (1984). We cannot say that this deliberate violation of the trial court's order did not influence the jury's verdict. See id. Accordingly, appellant is entitled to a new trial.

2. We address appellant's enumerations of error regarding the jury instructions, which may recur upon retrial.

(a) The trial court charged the jury that "if you find that [appellant's] failure to wear a seatbelt produced or contributed to at least a portion of her damages, you're entitled to consider whether the damage for which [appellees] may otherwise be liable should be reduced by virtue of her failure to wear a seatbelt." We find no error in the charge as given, for this incident occurred prior to the effective date of OCGA § 40-8-76.1 (b), and we agree with appellees that there was some evidence in the treating physicians' testimony meeting the requirement of showing that injuries of the type incurred by appellant are generally reduced by use of a seatbelt. See *Payne v. Joyner*, 197 Ga. App. 527, 528 (1) (399 SE2d 83) (1990). However, the evidence did not clearly show in this case that appellant was *not* wearing a

---

when he questioned appellant. Appellant shows in her brief that the shoplifting charge had been dismissed prior to the trial of this case after she successfully completed a pretrial diversion program, and thus no such conviction existed. Although this evidence is contained in appellant's brief rather than in the record, appelles have not denied or contradicted it. Rule 15 (b) (1) of this court provides that "[e]xcept as controverted, the statement of facts by the appellant may be accepted by this Court as being prima facie true." See *Holt v. State*, 184 Ga. App. 664 (1) (362 SE2d 464) (1987); *Russell v. Flynn*, 191 Ga. App. 196, 200-201 (381 SE2d 142) (1989) (Sognier, J., dissenting).

seatbelt, and under these circumstances we find it the better practice in charging the jury to indicate clearly the jury's duty to decide that question of fact as well.

(b) We find no error in the trial court's charge on credibility of witnesses and impeachment. Contrary to appellant's argument, the charge did not specifically relate to appellant's testimony but was a general one relating to all testimony at trial and correctly reflected the law.

3. We have reviewed appellant's remaining enumerations, and find that none is likely to recur upon retrial.

*Judgment reversed and case remanded. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 11, 1992 —
RECONSIDERATION DENIED FEBRUARY 25, 1992 — 

*Long & Mullman, Nick Long, Jr., Roy S. Mullman,* for appellant.
*Downey, Cleveland, Parker & Williams, Y. Kevin Williams, Rodney S. Shockley,* for appellees.