S91G1599. CSX TRANSPORTATION, INC. v. LEVANT.
(417 SE2d 320)

WELTNER, Presiding Justice.

The trial court entered judgment for Levant on the jury verdict awarding him $1,000,000 in an action brought under the Federal Employers' Liability Act (FELA), 45 USCA § 51 et seq. A majority of the Court of Appeals affirmed the judgment. *CSX Transp. v. Levant*, 200 Ga. App. 856 (410 SE2d 299) (1991).

We granted certiorari to determine whether the judgment of the

trial court and the Court of Appeals should be reversed under *Central of Ga. R. Co. v. Swindle*, 260 Ga. 685 (398 SE2d 365) (1990).

After 17 minutes of deliberation, the jury awarded Levant a verdict of $1,000,000 ($56,000 more than that specifically requested by his counsel), although at trial Levant established lost wages through the date of trial of $46,342.97 and medical expenses of $11,694.79.

1. Presiding Judge Birdsong wrote in dissent:

> Viewing [excerpts of Levant's closing argument] it is apparent that in addition to arguing for legitimate damages, [Levant]'s counsel informed the jury that the railroad was maintaining its tracks with an inadequate number of people and would continue to do so unless the jury made them pay; that the railroad did not care about [Levant]; that the jury should do right by [Levant] whom counsel considered to be a good man and his friend; and, that the jury should stamp out those (the corporate appellant) who would try to have the jury not give [Levant] an award of adequate damages because [Levant] is a "labor man." Inherent within [Levant]'s closing argument is the message that the big railroad needed to be punished for these transgressions. This is precisely the danger condemned in *Swindle* and which provided the primary support for the court's conclusion therein. [Dissent in *CSX Transp. v. Levant*, 200 Ga. App. at 864.][1]

2. As we stated in *Swindle*, supra:

> [W]e find the jury verdict in this case to be a verdict that can only be logically explained as having resulted from a punitive cause, which is an improper cause in FELA cases. . . . "[A] detailed appraisal of the evidence bearing on damages," [cit.] leads us to believe that the verdict here "raise[s] an irresistible inference that . . . [an] improper cause invaded the trial." [*Swindle*, 260 Ga. at 686, 687.]

*Judgment reversed. All the Justices concur, except Clarke, C. J., Benham and Sears-Collins, JJ., who dissent.*

BENHAM, Justice, dissenting.

1. I cannot agree with the majority's assertion that this case is controlled by *Central of Ga. R. Co. v. Swindle*, 260 Ga. 685 (398 SE2d

---

[1] We note that here, as in *Swindle*, the trial court granted the railroad's motion in limine, which precluded questions and remarks such as these and others found in the record that suggest punishing the railroad.

365) (1990). In *Swindle*, supra, we recognized that the jury's determination of the amount of damages to be awarded in an FELA suit is

> "inviolate, 'absent an award so excessive or inadequate as to shock the judicial conscience and raise an irresistible inference that passion, prejudice or another improper cause invaded the trial.' " [Cits.]

Id. at 686. After making "a detailed appraisal of the evidence bearing on damages" (*Grunenthal v. Long Island R. Co.*, 393 U. S. 156, 159 (89 SC 331, 21 LE2d 309) (1968)), this court concluded that an "improper cause" had invaded the *Swindle* trial, i.e., that the jury had impermissibly intended that a portion of the verdict have the effect of punishing the defendant and influencing its conduct. Id.[2]

The case at bar differs dramatically from *Swindle*, for here there is proof that the jury's verdict did not result from an "improper cause." After appellant filed its motion for new trial, the 11 jurors still living executed affidavits sustaining their verdict. "The affidavits of jurors may be taken to sustain but not to impeach their verdict." OCGA § 9-10-9. *Tolbirt v. State*, 124 Ga. 767, 770 (53 SE 327) (1906); *CSX Transp. v. Darling*, 189 Ga. App. 719, 721 (377 SE2d 217) (1988), cert. denied 189 Ga. App. 911; *Central of Ga. R. Co. v. Nash*, 150 Ga. App. 68 (256 SE2d 619) (1979); *King v. State*, 92 Ga. App. 616 (89 SE2d 585) (1955). The jurors swore that there was no mistake, undue bias or prejudice on the part of any juror in rendering the verdict, and that the only matters discussed were the character and permanency of the injury suffered by the plaintiff, the possibility that the plaintiff's condition could worsen, the resultant pain and suffering, the resultant monetary losses, the resultant diminished future work capacity, and whether the defendant was liable for the plaintiff's injuries. Several affiants averred that at no time during deliberations was the concept of "punishing" the defendant raised. Each affiant/juror stated that the verdict was in keeping with what the affiant, together with the other jurors, thought was fair, equitable, and reasonable compensation to the plaintiff for the injuries suffered. In light of the affidavits of the 11 remaining jurors who heard the evidence in this case, we have no basis to assume that the jury was responding to anything other than the evidence presented in assessing damages. See *Johnson v. State*, 235 Ga. 486 (6) (220 SE2d 448) (1975); *CSX v. Darling*, supra.

[A]ppellant's contention that the trial court erred in consid-

---

[2] Inasmuch as FELA damages are compensatory only, punitive damages are not recoverable. See *Kozar v. Chesapeake &c. R. Co.*, 449 F2d 1238 (6th Cir. 1971).

ering the affidavits of the [eleven] jurors who heard this case is not meritorious where the affiants state that each did not consider [an improper factor] in reaching his verdict and was guided only by the evidence in the case and the court's charge thereon. [Cits.]

*Seaboard C.L.R. Co. v. Towns*, 156 Ga. App. 24 (4) (274 SE2d 74) (1980).

2. I believe the majority has overlooked several evidentiary points in its "detailed appraisal of the evidence bearing on damages. . . ." The majority's analysis has focused on the amount of lost wages and medical costs appellee expended to the point of trial, and does not take into consideration future lost wages, future medical expenses, appellee's occupational disability and its impairment on his earning power, or general damages for pain and suffering. *Swindle*, supra at 686. There was evidence that appellee's injury, which resulted in back surgery for a herniated disk, prevented him from doing his former job as well as the labor-intensive duties of other positions given him. Appellee was not compensated for the two-three days of work per month he missed due to back and leg pain, and he was very concerned that he would soon be unable to hold a job with the railroad. Appellee was not permitted to take pain medication while on the job, and he wears a transcutaneous nerve machine, which provides an electric shock, in an effort to alleviate the pain. Since the injury, appellee has become short-tempered, irritable, less affectionate, and depressed. His wife must hire persons to perform the household tasks appellee formerly did, and he is no longer able to help a friend renovate homes. The orthopedic surgeon treating appellee testified that appellee suffered a 10% permanent partial disability; that he was more vulnerable to future injury; that he was "under-expressive" of the pain he endured; and that the pain was a legitimate justification for appellee's concerns about future employment.

By setting aside the jury verdict, the majority has implicitly concluded that the amount of the jury verdict is shocking to the judicial conscience. Id. This court must exercise caution that it not substitute its judgment for that of the jury which sat through the trial of the case, weighed the evidence, and reached a collective verdict. The jury's decision should be accorded a tremendous amount of respect and should be overruled only where there is a clear violation of an established rule of law. No such violation occurred in the case at bar.

Because I do not find the jury verdict shocking to the judicial conscience and because the evidence contradicts the majority's "irresistible inference" that an improper cause invaded the trial, I respectfully dissent from the reversal of the judgment entered on the jury's verdict.

I am authorized to state that Justice Sears-Collins joins in this dissent.

DECIDED JUNE 25, 1992 —
RECONSIDERATION DENIED JULY 8, 1992.

*Hunter, MacLean, Exley & Dunn, Arnold C. Young, Alston & Bird, Jack H. Senterfitt,* for appellant.
*Billy E. Moore, Paul R. Bennett, John W. Jones,* for appellee.