A93A2244. CENTRAL OF GEORGIA RAILWAY COMPANY
v. BUTTS.

(440 SE2d 218)

BLACKBURN, Judge.

Appellee Robert Butts brought the underlying civil action against his employer, appellant Central of Georgia Railway Company (Central), to recover for injuries arising from a herniated disc which Butts alleges he sustained on two occasions as he attempted to open a window on a locomotive while working for Central. Butts' action was predicated on the Federal Employers' Liability Act (FELA), 45 USC § 51 et seq.; the Boiler Inspection Act, 45 USC § 23; and two regulations promulgated thereunder, 49 CFR §§ 229.23 (a) and 229.119 (d). The jury returned a verdict in favor of Butts for $759,555. Central appeals the jury award asserting five enumerations of error.

1. In its first enumeration of error, Central contends that the trial court erred in permitting Butts to introduce evidence which constituted evidence of "other transactions." Specifically, two of Butts' co-workers were allowed to testify as to Central's general maintenance policies and conditions of the windows on GP-30 locomotives (the model involved in the subject incident), that they were generally difficult to open, and that sometimes it was necessary to beat them with a hammer or to push them open with one's leg. Both co-workers were allowed to testify that the railroad, in their opinion, generally performed inadequate maintenance on its locomotive engines and finally one co-worker was allowed to testify that he occasionally had engines returned from the mechanical department with conditions unrepaired. Butts maintained that the evidence was admissible because maintenance was similar on all locomotives and the records detailing the maintenance and repair of the GP-30 locomotive engine on which Butts was injured had been destroyed by Central. Furthermore, the actual GP-30 locomotive had been sold for scrap and was unavailable for inspection.

"Admissibility of evidence is a matter which rests largely within the sound discretion of the trial court. Evidence of other transactions or occurrences is admissible if it is relevant to the particular instance and does not place too great a danger of undue consumption of time, confusion of issues, undue prejudice or unfair surprise." (Citations and punctuation omitted.) *Ramey v. Leisure, Ltd.*, 205 Ga. App. 128, 132 (421 SE2d 555) (1992). The trial court did not abuse its discretion by allowing the testimony. Furthermore, Central waived any error by not objecting to the same testimony that was introduced through other witnesses. The second witness to testify, Central's engine terminal foreman, testified that he was aware that Central had problems with defective windows on locomotives, particularly the GP-30 series and similar models. This testimony came in without objection well

before Central's counsel raised his objection to this line of inquiry with later witnesses. Therefore, Central waived its objection to this testimony. *Steverson v. Hosp. Auth. of Ware County*, 129 Ga. App. 510, 514 (199 SE2d 881) (1973).

2. In its second enumeration of error, Central asserts that the trial court erred in denying its motion for directed verdict as to the applicability of 49 CFR § 229.119 (d). In relevant part, this federal regulation provides "[t]he cab shall be provided with proper ventilation. . . ." At trial, Butts contended that by operating a locomotive engine with a window which was difficult to open Central failed to provide a cab with proper ventilation. At the conclusion of the trial, Central moved for a directed verdict on this issue arguing that any violation of the regulation was not causally related to the injury sustained by Butts.

Central cites to *Mosco v. Baltimore &c. R.*, 817 F2d 1088 (4th Cir. 1987), to support its argument that the ventilation regulation does not apply to the present case. However, the analysis in *Mosco* actually supports the application of federal regulations in determining violations of the Boiler Inspection Act. 817 F2d at 1090. The plaintiff in *Mosco* complained that his employer should have provided screens for the locomotive windows so that the rock which caused his injury would have been prevented from entering the cab through the window. The court determined that the Boiler Inspection Act "imposes on carriers only the duty to maintain the parts and appurtenances of their locomotives in safe and proper condition and the term 'parts and appurtenances' does not include every item of equipment that conceivably could be installed on a locomotive." 817 F2d at 1091. Federal regulation requires proper ventilation; however, proper ventilation does not require a screen over the window. Id.

"A plaintiff need not establish that the defect — [the malfunctioning window] in this case — was the sole cause of injury. [Cits.] . . . [Cit.] Where there has been a failure of a required appliance, there is liability only where the failure of the appliance not only creates a condition under which, or an incidental situation in which the employee is injured, but where the defective appliance is itself an efficient cause of or the instrumentality through which the injury is directly brought about. [Cits.]" (Punctuation omitted.) *Green v. River Terminal R. Co.*, 763 F2d 805, 810 (6th Cir. 1985). The only sources of proper ventilation on the locomotive were the windows. It follows that malfunctioning windows may not provide proper ventilation. Further, Butts was injured as he attempted to open the window to achieve proper ventilation on a hot August day in Savannah, Georgia. The trial court did not err in denying Central's motion for directed verdict.

3. Central asserts that the trial court erred in permitting Butts'

economist to state a legal opinion of the proper method of calculating future wage losses. Dr. Coston was allowed to testify that he was familiar with a case decided by the U. S. Supreme Court and a case decided by the Eleventh Circuit Court of Appeals and that the method of calculation which he used was approved in those cases. Central's counsel objected to the witness citing and misstating the law. The court overruled this objection. Contrary to Central's contentions, the jury was made aware that the method Dr. Coston used to calculate present value was *one* of the methods that had been approved in the cases. Therefore, Central's assertion that there was an inference that there was only one acceptable method is erroneous. Additionally, Central was not deprived of the right to cross-examine the witness with regard to other approved methods of present value calculations. Furthermore, there was no objection to the substance or conclusions of Dr. Coston's testimony regarding Butts' future wage loss.

4. In its fourth enumeration of error, Central asserts that the trial court erred in applying Georgia law to prohibit it from eliciting testimony regarding alternative methods of discounting future wage losses to present value. Central argues that substantive law issues of damages are governed by federal law in a FELA case.

On direct examination, Dr. Coston testified that Butts' future wage loss, reduced to present value, had an economic value of $1,419,344.25. On cross-examination, Dr. Coston agreed that he would consider a United States Government 30-year treasury bond to be a safe investment. The court prohibited Central's counsel from eliciting testimony from Dr. Coston concerning the interest income Butts would derive from investing the lump sum figure ($1,419,344.25). This court has specifically addressed and excluded this type of testimony in a FELA case. See *CSX Transp. v. Levant*, 200 Ga. App. 856 (410 SE2d 299) (1991), rev'd on other grounds, 262 Ga. 313 (417 SE2d 320) (1992) (rationale of *Gusky v. Candler Gen. Hosp.*, 192 Ga. App. 521 (3) (385 SE2d 698) (1989), applied to FELA case). Furthermore, the trial court did not restrict Central's right to cross-examine Dr. Coston regarding alternative methods of calculating the discount rate. What Central attempted to do was elicit testimony showing how much money someone could earn by taking an award of damages and investing it. This type of testimony is prohibited. Id.

5. Central contends that the trial court erred in denying its motion for mistrial based upon Butts' circumvention of the trial court's orders prohibiting testimony concerning Butts' allegations of misconduct by Central's investigators, testimony concerning the financial difficulties of other members of his family, and testimony that Central had paid the medical expenses he had incurred in the treatment of his injuries.

(a) Butts' counsel asked Butts if Central had paid some of his medical bills, to which Butts responded, "yes." However, a mistrial was not warranted as the trial court gave the jury curative instructions in which it informed the jury that the payment of any medical expenses was made without regard to liability and that the jury was not to conclude, because these expenses were paid, that the railroad admitted any liability. After the curative instruction, Central did not renew its motion for a mistrial or object to the instruction given. Therefore, Central's enumeration is without merit. *Kendrick v. Kendrick*, 218 Ga. 460 (4) (128 SE2d 496) (1962); *Seaboard System R. v. Taylor*, 176 Ga. App. 847 (5) (338 SE2d 23) (1985).

(b) Butts testified that he had been forced to file bankruptcy, that his wife had been forced to take another job, and that his family "really just missed out on everything." The trial court instructed the jury that the financial circumstances of any party were not at issue and that the jury should dismiss it from their minds. Again, Central neither renewed its motion for mistrial nor objected to the curative instructions given by the trial court. Therefore, this assertion of error is also without merit. Id.

(c) Central objects to Butts' response to a question concerning the surveillance conducted by Central. Butts responded, "Oh. Yes, sir. The stories I could tell, but I guess the one that — " at this point, Central moved for a mistrial. This testimony is the sum total of what the jury heard regarding Central's surveillance of Butts. The question posed was proper as a surveillance tape was to be later introduced by Central and Butts did not mention any specific fact covered in Central's motion in limine. The trial court correctly determined that Butts had not transgressed its earlier order and that no harm had been done.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 9, 1993 —
RECONSIDERATION DISMISSED JANUARY 4, 1994.

*Miller, Simpson & Tatum, William E. Dillard III*, for appellant.
*Taylor & Harp, J. Anderson Harp, Jefferson C. Callier, Beckmann & Pinson, Walter W. Ballew III*, for appellee.

