## A96A1584. JORDAN v. JOHNSON.
(479 SE2d 175)

BEASLEY, Chief Judge.

Jordan appeals from the denial of her motion for new trial, in this personal injury case arising from an automobile collision, on the grounds that Johnson violated the court's order on a motion in limine and that the testimony elicited in response to Johnson's violation went to the ultimate issue of negligence.

Jordan submitted a written motion which apparently was addressed in chambers before trial without the court's order recorded. The motion sought an order "that there be no evidence offered or alluded to concerning the purported cause of the subject

incident as noted by the investigating officer in the subject accident report . . . or the fact that plaintiff/defendant was cited as a contributing factor to the accident." After trial, the court entered an order stating the motion "was in effect" and that there was no objection to it by defendant.

On direct examination of the investigating officer, plaintiff Jordan elicited the officer's testimony as to what each party told her about how the collision occurred. On cross-examination, Johnson asked the officer whether, from information gained at the scene, she was "able to confirm or deny either Ms. Jordan's story or Mr. Johnson's story." She answered, "No sir." Johnson then asked: "Were you able to make any determination as to who caused this accident?" To this she gave the same answer. The court's post-trial order stating the plaintiff's motion was "in effect" does not state that these questions or answers exceeded any limitation.

Jordan has supplied this Court with only an excerpt of that portion of the transcript showing the direct and cross-examination of the investigating officer. An appellant may choose to have only a portion of the record below transmitted to this Court. OCGA §§ 5-6-37, 5-6-41; see *Drummond v. Gladson*, 219 Ga. App. 521, 524 (2) (465 SE2d 687) (1995) (Beasley, C. J., concurring specially). This does not relieve an appellant from the obligation to demonstrate error by the record. See *White v. Arthur Enterprises,* 219 Ga. App. 124, 125 (2) (464 SE2d 225) (1995); *Johnson v. Bruno's, Inc.*, 219 Ga. App. 164, 167 (4) (464 SE2d 259) (1995). One who complains that the opposing party violated a court's order on a motion in limine must show that the court ruled so as to limit the evidence in the particulars claimed. See *Bentley v. B. M. W., Inc.*, 209 Ga. App. 526, 527-528 (1) (433 SE2d 719) (1993); *Arnold v. Arnold*, 197 Ga. App. 103, 106 (2) (397 SE2d 724) (1990). It is also the appellant's responsibility to show, as in appeals based upon other occurrences, that the violation of a motion in limine was harmful. See *Verde v. Granary Enterprises*, 178 Ga. App. 773, 774 (1) (345 SE2d 56) (1986); *Frink v. State*, 177 Ga. App. 604, 607 (1) (340 SE2d 631) (1986).

Jordan has not demonstrated that the questioning violated any limits the court imposed in response to the motion. The court's contemporaneous order on the motion, if one exists, is not included in the record. The post-trial declaration that the motion was "in effect" does not state the court rendered any order and suggests there may have been none; the matter was "discussed" and the defense made "no objection." If there was a court ruling on the motion in limine, the post-trial order does not reveal what that may have been. Nor does the post-trial order indicate in any way that the questions complained of violated any previous ruling. Rather, as the court denied Jordan's motion for new trial in which she raised the alleged viola-

tion of the motion in limine, it appears the court did not find the questioning violated its order or that, if it did, the improper question or questions, which elicited no harmful evidence, did not prejudice plaintiff so as to require a new trial.

If we must judge the matter solely by the request in the motion, the questioning did not offend the motion; there was no questioning about any cause noted on the accident report or any citation given to Jordan. There is no indication that the accident report itself was placed in evidence and the record does not show that the questioning exceeded a court-ordered boundary.

Nor is there any indication the testimony elicited was harmful. It in no way suggested that Jordan was at fault. Although she argues it was harmful because it left the jury with "no other reasonable deduction but to conclude that either both parties were equally at fault or that neither party was at fault," that is not the case. The only reasonable inference is that the officer had nothing to say on the matter of fault; the jury was left to decide the issue on all the other evidence.

An investigating officer is permitted to testify as to what she observes at an accident scene and give an opinion based upon that evidence about how the collision occurred but not about which party was at fault. *Emory v. Dobson*, 206 Ga. App. 482, 483-484 (426 SE2d 50) (1992). Here the officer's responses merely revealed that she had not formed any opinion about how the collision occurred, or as to which party caused the collision. The questions and answers did not invade the jury's role in deciding the ultimate issue.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur specially.*

BIRDSONG, Presiding Judge, concurring specially.

I agree with the holding of the majority regarding appellant's failure to establish affirmatively by the appellate record that there occurred a specific violation of the motion in limine order so prejudicial as to result in reversible error and with the majority's ultimate disposition of this case. Because appellant failed to establish such a violation affirmatively by the record there exists nothing for this Court to review. However, I am compelled to write separately to emphasize and clarify that, under our precedent, appellant did not have to object following the alleged motion in limine violation in order to preserve such issue for appellate review.

"A motion in limine is a pretrial method of determining the admissibility of evidence, as a party may secure a pretrial ruling on the admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in the context of the trial as it unfolds. [Cit.] By its very nature, the grant of a

motion in limine excluding evidence suggests that *there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial*. [Cit.] In light of that absolute, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care." (Emphasis supplied.) *Andrews v. Wilbanks*, 265 Ga. 555, 556 (458 SE2d 817). There also exists another "absolute," regarding the basis for the employment of and granting of a motion in limine. As recognized in *Reno v. Reno*, 249 Ga. 855 (295 SE2d 94), " ' "[t]he purpose in filing a motion in limine to suppress evidence or to instruct opposing counsel not to offer it is to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury with respect to matters which have no proper bearing on the issues in the case or on the rights of the parties to the suit. It is the prejudicial effect of the questions asked or statements made in connection with the offer of the evidence, not the prejudicial effect of the evidence itself, which the motion in limine is intended to reach." ' " Id. at 855-856. Recognizing the seriousness of this second absolute, the Supreme Court astutely held: "The reasoning of [*Harley-Davidson Motor Co. v. Daniel*, 244 Ga. 284 (1) (260 SE2d 20)] *applies also* where a motion in limine to suppress evidence is granted. To hold otherwise, and require the successful movant to object when evidence encompassed by the motion in limine is nevertheless offered at trial, *would defeat the purpose* of the motion in limine, as the movant would be forced, in the presence of the jury, to call special attention to prejudicial evidence which the trial court had previously ordered to be excluded from the jury's consideration." (Emphasis supplied.) *Reno*, supra at 856.

While it is true that in *Reno*, the husband's attorney moved for a mistrial at the next scheduled recess, nothing in the Supreme Court's holding in *Reno* is predicated expressly on this fact. Moreover, the issue granted and addressed in *Reno*, supra at 855, was cast as follows: "The issue before this Court . . . is whether, after a motion in limine to exclude certain evidence is granted, the movant must object to a subsequent offer of evidence allegedly encompassed by the preliminary ruling in order to preserve the alleged error for appellate review. For the following reasons, we conclude that the answer is no." Thereafter in its analysis of this stated issue, the Supreme Court does not again mention (let alone discuss any significance of) the fact that a belated mistrial motion had been made when the jury finally recessed. From a close reading of *Reno*, supra, it can only be concluded that the making of the mistrial motion during a subsequent recess was not a relevant factor in the Supreme Court's ruling; in fact, the engrafting of such a requirement would run contrary to the express holding in the case. Moreover, it is well established that questions which merely lurk in the record, neither brought to the

attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedent. *Gordy Tire Co. v. Dayton Rubber Co.*, 216 Ga. 83, 89 (1) (114 SE2d 529); *Chives v. State*, 214 Ga. App. 786, 788 (449 SE2d 152).

As recognized in *Reno*, a grave danger exists to the fair trial rights of the parties to compel the raising of an objection or mistrial motion in the presence of the jury as to matters in which a motion in limine properly has been granted. *Reno*, supra at 856. Clearly, therefore, no immediate objection to a motion in limine violation should be required in the jurors' presence. Nor should the holding of *Reno* be circumvented by engrafting a rule that an objection to a motion in limine violation must be raised later in the proceedings when the jury is not present. Such a strained interpretation would run contrary not only to the plain language of *Reno* but to the basic philosophy of this Court and the Supreme Court that objections and mistrial motions, when required, should be timely made. To allow a party to wait, perhaps for several hours before the jury conveniently recesses or otherwise withdraws from the courtroom, before posing an objection or moving for mistrial is fraught with difficulty. First, such a delay frequently will cause the parties to experience difficulty in remembering what was said in the jurors' presence and may necessitate the time-consuming procedure of searching for and reading back salient portions of the reporter's notes. Secondly, in certain circumstances, the corrective action to be taken may include striking the matter and a curative instruction to the jury, which when belatedly made would cause even far greater "special attention" to be called to the matter under consideration. Thirdly, but equally important, appellate courts have held, in other types of cases, that a mistrial motion is waived if not immediately entered on the record when the prejudicial event occurs. See generally *Thaxton v. State*, 260 Ga. 141, 143 (5) (390 SE2d 841); *Anderson v. State*, 199 Ga. App. 559 (2) (405 SE2d 558) (several questions later); *Dye v. State*, 177 Ga. App. 824, 825 (341 SE2d 314) (two questions later); *Kent v. Hunt & Assoc.*, 165 Ga. App. 169, 171 (8) (299 SE2d 123). Further, only recently our Supreme Court strengthened the "contemporaneous objection rule" — a rule which "has long been a mainstay of Georgia trial practice" — by severely limiting the scope of exceptions thereto. *Sharpe v. Dept. of Transp.*, 267 Ga. 267 (1) (476 SE2d 722). The appellate issue was preserved in *Reno* not because a belated mistrial motion was tendered but because no objection was needed at all to preserve the error generated by a violation of the order granting the motion in limine.

Recognizing the interrelationship of the above factors and the *limited* but unique purpose for which a motion in limine should be granted, a panel of this Court in *Seay v. Urban Medical Hosp.*, 172

Ga. App. 344, 345 (3) (323 SE2d 190), interpreted the Supreme Court's holding in *Reno*, supra, and concluded: "No objection or motion was made to this answer, but none is required when a motion in limine has been granted to preserve the issue for appellate review." The holding in *Seay* was followed in *Scott v. Chapman*, 203 Ga. App. 58 (416 SE2d 111). In *Scott*, supra at 59 (1), it was held: "It is clear from the record that appellees' counsel violated the trial court's order on appellant's motion in limine. Although no objection was made to the question and answer, when a motion in limine has been granted no further objection is required to preserve the issue for appellate review." Compare *General Motors Corp. v. Moseley*, 213 Ga. App. 875, 877 (1) (447 SE2d 302), citing both *Reno*, supra, and *Scott*, supra, with favor and acknowledging that "where the trial court's ruling on a motion in limine is violated, further objection at trial is unnecessary to preserve the matter for appellate review." Thus, the rule announced in *Reno*, supra, has been subject to consistent construction in at least three prior cases by panels of this Court.

Additionally, the actual holding in *Reno*, as reflected in the plain words of its text and in its progeny cases, *Seay*, supra, and *Scott*, supra, is consistent with the basic rule announced in *State v. Johnston*, 249 Ga. 413, 415 (3) (291 SE2d 543). *Johnston*, supra at 415 (3) held that if, after a motion in limine is made, "the trial court decides to rule on the admissibility of evidence prior to trial, the court's determination of admissibility is similar 'to a preliminary ruling on evidence at a pretrial conference' and it ' "*controls* the subsequent course of action, unless modified at trial to prevent manifest injustice." ' " See generally *CSX Transp. v. Levant*, 200 Ga. App. 856, 865 (2) (410 SE2d 299) (dissenting opinion), rev'd on other grounds, 262 Ga. 313 (417 SE2d 320). The order granting a motion in limine, "like a pretrial order, 'controls the subsequent course of the action, unless modified at trial to prevent manifest injustice.' . . . All the purposes of an objection have already been fulfilled by the proceedings on the motion in limine. . . . [A]nd the record has been perfected for appeal purposes. Therefore, [there exists] no reason for another objection at trial in order to preserve the denial of the motion on appeal." *Harley-Davidson*, supra at 286 (1). Although appellant failed to interpose any objection following the alleged motion in limine violation, such failure did not cause the issue to be waived on appeal. Rather, the issue need not be addressed because of appellant's unrelated failure on appeal to show affirmatively by the record that a motion in limine violation in fact had occurred at trial.

I am authorized to state that Judge Blackburn joins in this special concurrence.

DECIDED DECEMBER 5, 1996.

*Robert M. Margeson III*, for appellant.
*Simpson, Gray & Cross, Joseph B. Gray, Jr.*, for appellee.