34358. VON GREMP *v.* BARILI *et al.*

DECIDED FEBRUARY 14, 1953—REHEARING DENIED FEBRUARY 28, 1953.

*Howard, Tiller & Howard, E. Freeman Leverett,* for plaintiff in error.

*Carlton W. Binns,* contra.

SUTTON, C. J.  Barili & Humphreys, a partnership composed of Alfredo Barili Jr. and J. W. Humphreys, sued C. C. Von Gremp for $3675 in the City Court of Decatur, alleging that the defendant had contracted with the plaintiffs to prepare plans and specifications for a building to be used as a veterinary hospital; that the fee for this work was to be 7% of the cost of construction, and that 75% of such fee was to be paid at the time the plans and drawings were completed; that the plans and drawings had been completed and accepted by the defendant, and that a bill for $3675, representing 75% of 7% of the low-bid estimate of $70,000, had been submitted to the defendant.

The defendant in his answer denied that the plaintiffs were entitled to recover against him as an individual, and alleged that, in his transactions with the plaintiffs, he was acting for the Decatur Veterinary Hospital Inc., and that he so advised the plaintiffs, and further informed them that said veterinary hospital, incorporated, had only $55,000 to expend in the remodeling or erection of the hospital, and that the plans and specifications prepared by and submitted to him by the plaintiffs are of no value to said corporation.

The case proceeded to trial and resulted in a verdict and judgment for the plaintiffs against the defendant for $3475 and interest.  The defendant's motion for a new trial was overruled, and he excepted.

The general grounds of the motion for a new trial have been abandoned.  This leaves for consideration only one special ground, which is substantially as follows: That the court erred in refusing the defendant's motion for a mistrial based on the

ground that one of the jurors during the trial exclaimed, "That is immaterial and irrelevant," when Mr. Howard, counsel for the defendant, asked the witness, Percy H. Perkins Jr., on cross-examination, the question: "You can figure it out when you go off the stand, and I can call you back later; 8734 square feet. You knew there was 8000 square feet?" After the jury was retired, upon the request of counsel for the defendant, the following transpired:

"Mr. Howard: Your honor, I move for a mistrial in this case, because of the fact that one of the jurors, when I asked the question how many square feet in the building, remarked to me, from behind me, that that is immaterial and irrelevant, and the witness made some remark directly to him; Mr. Perkins answered him back. That is highly improper, and I think that a mistrial should be granted in this case. I can't go to the jury when a man on the jury carries on a private conversation in an undertone with the witness. The Court: Do you remember anything that any juror said to you? Answer: No, sir; I remember him saying something, but what—I frankly don't know what it was; I don't recall now what it was, what he said. Mr. Binns: I didn't hear it myself. The Court: It is highly improper for a juror to talk to the witness. Mr. Howard: I would be in a fix if the court admonished the juror. The Court: I would be glad to tell them that they must refrain from that. Mr. Howard: I think it is grounds for a mistrial; but I would rather you wouldn't mention it in your instructions; it would hurt more than it would help. But I think it is a good ground for mistrial, and improper conduct. The Court: The witness says he does not know what was said, and I don't know that he meant what he said. Mr. Howard: But it is an outward showing by a juror of feeling in the case, and before the case goes to a jury, I think it is highly improper, and I would think that it should be fair for the court to grant a mistrial at this time. Answer: What the juror said, I don't have the slightest idea what he said. Mr. Howard: . . The Court: I can't agree with you on a mistrial, but I can ask him to refrain from asking information of a witness; I could admonish him for it. Mr. Howard: If you do that, I will make a motion for a mistrial, because that would call attention to the juror that I didn't like

something he did. I would be in a bad position. The Court: I will pay strict attention to the juror, and if that happens again, I will do something about it. I will overrule your motion for a mistrial at this time."

It is contended by movant that this was a manifestation of bias, partiality, and prejudice on the part of the juror toward the defendant and had a tendency to leave the jury with the impression that this juror either had special knowledge or was intimate with the witness under examination.

It was stated by counsel for the defendant in the motion for a mistrial that the alleged remark was made to him by some juror, from behind him, when he asked the witness Perkins, on cross-examination, how many square feet were in the proposed building. The witness told the court, when interrogated with reference to the alleged remark, that he did not know what the juror said. Mr. Binns, counsel for the plaintiff, did not hear the alleged remark. The court stated that he did not have the slightest idea of what the juror said, and that he would be glad to tell the jury that it was improper for a juror to talk to a witness, and that they must refrain from doing so, but Mr. Howard, counsel for the movant, objected to the court's mentioning the matter to the jury, stating that he thought this would hurt more than it would help, as it would call to the attention of the juror that counsel did not like something he did. It does not appear that the other jurors heard the alleged remark. We are of the opinion that this special ground of the motion fails to show any prejudicial or harmful error against the movant, and especially is this true where the court immediately, after the alleged remark was made, offered to instruct the jury with reference to the same, but was prevented from so doing by the request of counsel for the movant.

■ The court did not err in overruling the defendant's motion for a new trial.

Pursuant to the act of 1945 (Ga. L. 1945, p. 232; Code, Ann. Supp., § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment affirmed. Gardner, P. J., Townsend, Worrill, and Carlisle, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. I think that the conduct of the juror was highly improper and prejudicial and required the grant of a mistrial. If the judge had admonished or reprimanded the juror, the harm probably done would not have been removed. The conduct of the juror might have been prompted by the highest motives and might have been innocent and in the best faith, but for a juror to assume the role of attorney or judge is so unusual that it should be held improper in the interest of the fair and impartial administration of justice. The conduct here shows a partiality that would rob a verdict of the impartiality and disinterestedness which the law should guard and protect with all of its resources.