*E. E. Moore, Jr., J. C. Daugherty,* for appellant.
*Stephens Mitchell, Lee Evans,* for appellees.

## 42441.   WILLIAMS v. WILLIAMS.

SUBMITTED NOVEMBER 7, 1966—DECIDED JANUARY 24, 1967—
REHEARING DENIED FEBRUARY 9, 1967.

*Marson G. Dunaway, Jr.,* for appellant.
*Henry A. Stewart, Sr., E. Lamar Gammage,* for appellee.

DEEN, Judge. ■ Any error in admitting the testimony complained of in the third enumeration of error is harmless in view of the fact that the witness testified without objection to the same facts on cross examination.

■ Following testimony by a state patrolman who investigated the scene of the collision that skid marks indicated the vehicle in which the plaintiff was riding was partly across the center of the road into the defendant's lane of travel, and following other testimony by the defendant that the defendant was on his own side of the road and the plaintiff's vehicle was on the defendant's side of the road when he first saw it at the crest of the hill, that plaintiff's car was coming straight at him, that the defendant put on his brakes and cut to the right and was then hit and there was nothing else he could do, he was asked: "Now, if he had not been on your side of the road, would this collision have occurred?" and he replied, "No, sir." Objections to the question and answer on the ground that they constituted an improper conclusion of the witness invading the province of the jury were overruled. In *Bentley v. Ayers,* 102 Ga. App. 733 (117 SE2d 633) the statement: "I don't know of anything I could have done to avoid the collision" was held unobjectionable. To the same effect, see *Carter v. Hutchinson,*

106 Ga. App. 68 (4) (126 SE2d 458), and *Atlanta Stove Works v. Hollon,* 112 Ga. App. 862 (3) (146 SE2d 358). In *Hughes v. Brown,* 111 Ga. App. 676 (143 SE2d 30) the negative answer to the question: "At the time you saw him start in front of the car, could you avoid hitting him" was held erroneously admitted. It was also reversible error to allow testimony that "the accident was unavoidable." *Bailey v. Ga. R. &c. Co.,* 32 Ga. App. 793 (4) (124 SE 907). It has been held proper to exclude evidence that the driver could have avoided the collision by driving his car into the ditch on the right side of the road (*Walker v. Southeastern Stages,* 68 Ga. App. 320 (2) (22 SE2d 742)); that if the driver had kept on the right side of the road he could not have struck the plaintiff (*Bryson v. Lee,* 82 Ga. App. 689 (4) (62 SE2d 405)); that it was not possible for the defendant to have prevented a collision between his car and that of the plaintiff (*Kirkland v. Wheeler,* 84 Ga. App. 352 (19) (66 SE2d 348)). It is generally true that where a lay witness has stated all the facts on which his opinion is based it is not error for him to state his opinion as a conclusion based on such facts (*Ga. S. & F. R. Co. v. Walker,* 5 Ga. App. 155 (3) (62 SE 720)), but it has also been said that the opinion of a witness is not admissible when all the facts and circumstances are capable of being clearly described so that the jury may as readily as the witness form a correct conclusion from them. *Mayor &c. of Milledgeville v. Wood,* 114 Ga. 370 (40 SE 239); *Brunswick & B. R. Co. v. Hoodenpyle,* 129 Ga. 174 (1) (58 SE 705).

The facts before the jury were that the road was dirt, unmarked, and 20 feet wide, and that skid marks showed the left wheels of the plaintiff's vehicle to be 11 feet from the edge of the road and partly on the plaintiff's side at the time of impact, which of course means that each vehicle had 10 feet of roadway to travel in and that the plaintiff's vehicle was between 1 and 2 feet into the defendant's travel lane. The defendant then testified that the plaintiff's car was on his side of the road, that he was on his side of the road, and that if plaintiff's car had not been there the collision would not have occurred. All of the evidence for both parties concentrated on

negligence in failing to keep on the proper side of the road. Each driver contended that the other was in the middle of the road and the witness was in his proper lane. From the automobile damage it was obvious that the left front portions of the two automobiles were involved in a head-on collision. While, therefore, under the cited cases the witness' statement was a conclusion from facts testified to and as such might properly have been rejected, it was also a conclusion which is unavoidable if the facts presented by the defense are believed, and incapable of belief if the facts testified to by the plaintiff's driver are accepted. Its admission does not require a reversal of the case.

■ It is not error to receive the verdict in the voluntary absence of defendant's counsel. *Perry v. Mulligan*, 58 Ga. 479; *Jones v. Bullard*, 52 Ga. 145; *Ward v. Ward*, 144 Ga. 312 (2) (87 SE 17). The trial court here stated, in his order overruling the motion for new trial that after the jury had retired to consider their verdict the defendant's counsel absented himself without leave or notice to the court. When the court was notified that the jury had reached a verdict he attempted to have counsel located, and, failing this, received the verdict and allowed the jury to disperse, but did not publish the same until after counsel had returned. There was no error in this procedure.

*Judgment affirmed. Quillian, J., concurs. Hall, J., concurs in the judgment.*