## 48744. HOWINGTON v. PUCKETT.

Quillian, Judge. Appellee filed a claim against the appellant seeking the balance due for paving work done on appellant's property where apartments were being built. The appellant filed his answer denying the allegations of appellee's complaint and

alleging that he was not indebted to appellee in any sum whatsoever. By amendment, the appellant added a fourth defense to his answer alleging a complete and total failure of consideration in that the paving work by appellee was done in an inept and unworkmanlike manner; by adding a fifth defense alleging a partial failure of consideration because of the inept and unworkmanlike manner in which the work was done; and a sixth defense alleging overpayment. In addition, the appellant filed a counterclaim against appellee alleging breach of contract. The case came on for trial before a jury and at the conclusion of the case, the jury rendered a verdict in favor of appellee.

The appellant filed an appeal and the case is here for review. *Held:*

1. The evidence was sufficient to support the verdict. The appellant contended that paving was not properly done and as a result thereof it broke up and had holes in it. There was evidence that the appellee told the appellant that it was too wet to do the paving but the appellant instructed him to go ahead and pave the area because he had some units completed and the paving had to be completed before they could be rented. The evidence was sufficient to authorize the jury to find that the defects in the paving were due to the fact that it was done at the appellant's instructions at a time when the conditions were not proper because the ground was too wet.

2. The appellant contends that it was error to allow the appellee's counsel to cross examine the appellant in regard to the loan he had on the apartments and when the payments came due. The appellant's contention is without merit. The fact that the first payment on the loan was due in July after the paving was done in March would be relevant as to why the appellant wanted to rent the apartments as soon as possible. As previously stated the reason the appellant instructed the paving to be done even though he was told it was too wet was so that he could rent the apartments that had been completed. Every party has the right to a "thorough and sifting" cross examination, the scope of which rests largely within the discretion of the trial judge. Code § 38-1705; *Loomis v. State,* 78 Ga. App. 153, 157 (51 SE2d 13).

3. The appellant's third enumeration of error states: "The court erred in failing to charge the jury as to what constitutes a breach of contract insofar as appellant's contentions as set forth in his answer and counterclaim were concerned." However, the objection made at the conclusion of the charge was: "I except to the court charging on a breach of the contract." The appellant's

objection during the trial was not sufficient to raise the issue presented in his enumeration of error. Code Ann. § 70-207 (a) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078); *City of Macon v. Smith,* 117 Ga. App. 363, 377 (160 SE2d 622).

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

SUBMITTED NOVEMBER 5, 1973 — DECIDED JANUARY 15, 1974.

*Richardson, Chenggis & Constantinides, Platon P. Constantinides,* for appellant.

*Webb, Fowler & Tanner, Jones Webb,* for appellee.