72785. ANDREWS et al. v. MAJOR et al.
(349 SE2d 225)

McMURRAY, Presiding Judge.

Plaintiff Edna R. Andrews individually and as executrix of the estate of Colley Vance Andrews, brought this wrongful death action against Dr. C. P. Major and the Clark-Holder Clinic, P.A. It was alleged that plaintiff's decedent sought medical treatment from Dr. Major, an employee of the clinic, during 1982; that Dr. Major negligently diagnosed and treated plaintiff's decedent; and that plaintiff's decedent died as a direct and proximate result of the negligence of Dr. Major. Defendants answered the complaint, denying its material allegations.

Following discovery, the case proceeded to trial and the jury rendered a verdict in favor of defendants. Judgment was entered in ac-

cordance with the verdict and plaintiff appealed. She enumerates error upon evidentiary rulings and the trial court's instructions to the jury. *Held*:

1. During the trial, plaintiff called Dr. John Stich, a pathologist, to the stand. Dr. Stich performed the autopsy on plaintiff's decedent. He testified that as a part of the autopsy tissue slides were prepared at his direction for examination under the microscope. Each slide bore an identification number which corresponded to the autopsy number (A-82-53) which was assigned to the decedent. The slides were used by Dr. Stich in the preparation of his autopsy report. The slides were introduced in evidence at plaintiff's behest as plaintiff's Exhibits 24 through 42, 44-46, 48-54, 56, 57, 60, and 64-67.

Thereafter, defendants examined directly Dr. E. Capers Palmer, Jr. Dr. Palmer was the Chief of Pathology at the West Georgia Medical Center. He also identified various tissue slides. The slides were different from those introduced in evidence by plaintiff, but they bore the same autopsy number. Dr. Palmer offered an opinion concerning the cause of decedent's death based, in part, upon the additional slides. The slides were admitted in evidence as defendant's Exhibits 7 and 8. Plaintiff objected continually to any testimony based upon the additional slides; and she objected to the introduction of the slides into evidence. The basis for plaintiff's objections was that the additional slides were not identified properly as being prepared from the body of the decedent.

In her first two enumerations of error, plaintiff contends the trial court erred by admitting the additional slides in evidence and by permitting Dr. Palmer to render an opinion based, in part, upon the slides. These enumerations are not meritorious.

Dr. Palmer described in detail the procedure for making slides in the pathology department. He averred that all slides which are prepared during an autopsy are given a number which corresponds to the autopsy control number. He observed that the additional slides which he identified bear the same number as that which was assigned to plaintiff's decedent. He added that he was given the slides by Dr. Stich who asked him to review the autopsy findings. Under these circumstances, we are satisfied that the slides were sufficiently identified as having been prepared from the body of plaintiff's decedent. *Sims v. State*, 243 Ga. 83, 85 (3) (252 SE2d 501). See also *State v. Romo*, 185 P2d 757, 760 (Ariz. 1947). "There is no requirement that the authenticity of an exhibit be proved to an absolute certainty. *West v. State*, 232 Ga. 861 (1) (209 SE2d 195) (1974); *Jackson v. State*, 236 Ga. 895 (2) (225 SE2d 908) (1976)." *Sims v. State*, 243 Ga. 83, 85 (3), supra. The slides were admissible and their introduction into evidence laid a proper foundation for the opinion testimony of Dr. Palmer.

2. During the examination of Dr. Palmer, the physician was asked

his opinion as to whether the decedent's death was caused by "any kind of toxicity." In phrasing the question, defendants' counsel asked Dr. Palmer to base his opinion upon his review of the chart and medical records of the decedent and the autopsy findings. Dr. Palmer was permitted to answer the question over the plaintiff's objection that the medical records were not put into evidence. In her third enumeration of error, plaintiff contends the trial court erred in permitting Dr. Palmer to render an opinion based upon records which were not admitted in evidence.

Generally, an expert's opinion cannot be stated upon facts or reports which are not admitted in evidence. OCGA § 24-9-67; *Dual S. Enterprises v. Webb*, 138 Ga. App. 810, 813 (227 SE2d 418). Thus, in the realm of expert medical testimony it is said: "Opinion testimony based merely upon records and case history furnished the witness by other doctors and not a part of the evidence in the case is objectionable." *Zurich Ins. Co. v. Zerfass*, 106 Ga. App. 714, 719 (128 SE2d 75). It would appear, therefore, that the trial court erred in allowing Dr. Palmer to give his opinion based, in part, upon the decedent's medical records.

"Was this error harmful, entitling defendant to a new trial? 'The minor errors in the admission or rejection of testimony do not warrant a reversal of the judgment sustaining the verdict of the jury.' *Fain & Stamps v. Ennis*, 4 Ga. App. 716 (4) (62 SE 466). It is incumbent upon the reviewing court to determine if the mistake was of sufficient magnitude to require a new trial. *Ga. Power Co. v. Hendricks*, 130 Ga. App. 733 (204 SE2d 465)." *Dual S. Enterprises v. Webb*, 138 Ga. App. 810, 812, supra.

We think the error in the admission of the doctor's opinion was harmless. During the four-day trial of this case, an enormous amount of testimony was adduced concerning the recent medical history of the decedent. The testimony included findings of diagnostic tests made during the decedent's final days. Indeed, a pathologic opinion as to the cause of death could not have been made without reference to the decedent's records; and other opinion evidence based upon the records was admitted in evidence without objection. Plaintiff's third enumeration of error is without merit.

3. Under the circumstances of this case, the trial court did not abuse its discretion by permitting defense counsel to cross-examine plaintiff's expert concerning a fee which defense counsel was charged to depose the expert in another lawsuit. See generally *Howington v. Puckett*, 130 Ga. App. 584, 585 (2) (203 SE2d 916). The fourth enumeration of error is not meritorious.

4. "Where the court clearly charged the jury that a duty rested upon the plaintiff to prove the allegations of her petition by a preponderance of the evidence, it was not error prejudicial to the plaintiff for

the court to tell the jury that if there was any doubt as to where the preponderance of the evidence rested, the doubt should be solved in favor of the side that does not have to 'preponderate' in the evidence." *Richards v. Harpe*, 42 Ga. App. 123, 126 (12) (155 SE 85). See *Southern R. Co., v. Smalley*, 116 Ga. App. 356, 358 (3) (157 SE2d 530); *Garner v. Driver*, 155 Ga. App. 322, 325 (2) (270 SE2d 863). Plaintiff's fifth enumeration of error is without merit.

5. In her sixth enumeration of error, plaintiff contends the trial court erred by refusing to give plaintiff's request to charge No. 9. That charge reads: "LADIES AND GENTLEMEN: THE LAW PRESUMES THAT MEDICAL SERVICES ARE RENDERED WITH THE CARE AND SKILL ORDINARILY REQUIRED BY THE CIRCUMSTANCES. SINCE MRS. ANDREWS HAS PRO-DUCED EVIDENCE AND TESTIMONY CONCERNING THIS IS-SUE, YOU, THE JURY, ARE ENTITLED TO CONSIDER THIS PRESUMPTION AS A PIECE OF EVIDENCE, AND AGAINST IT THE EVIDENCE PRODUCED IN THE COURTROOM BY [MRS. ANDREWS] WHETHER OR NOT THE PRESUMPTION HAS ANY EFFECT IN THIS CASE IS LEFT ENTIRELY UP TO YOU, THE LADIES AND GENTLEMEN OF THE JURY."

"A requested charge needs to be given only where it embraces a correct and complete principle of law adjusted to the facts and which is not otherwise included in the general instructions given." *Barlow v. Veber*, 169 Ga. App. 65, 67 (2) (311 SE2d 501). Viewing the charge as a whole, we cannot say the trial court erred by failing to give the requested instruction. The sixth enumeration of error is not meritorious.

6. In her last enumeration of error, plaintiff contends the trial court erred by permitting defendant's expert witness to answer a hypothetical question in which the expert was asked to give his opinion on the issue of negligence vel non. She asserts the hypothetical question was answered erroneously because the witness was asked to assume, in part, that the opinion of another expert who testified during the trial of the case was correct. We cannot consider this enumeration because the assertion made by plaintiff on appeal was not raised by objection in the trial court. "[O]ne is limited in his appeal to grounds of objection which he properly presented to the trial court; he cannot make them for the first time on appeal. *Abrams v. State*, 223 Ga. 216 (9) (154 SE2d 443)." *H. W. Ivey Constr. Co. v. Transamerica Ins. Co.*, 119 Ga. App. 794, 795 (168 SE2d 855).

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED SEPTEMBER 10, 1986 —
REHEARING DENIED SEPTEMBER 23, 1986 

*Thomas E. Maddox, Jr.*, for appellants.
*C. Jerry Willis*, for appellees.