A90A0747. SMITH et al. v. FEE et al.
(398 SE2d 801)

Pope, Judge.

Plaintiff Allen Daniel Smith, a minor, was injured when he was struck by a pick-up truck driven by defendant Jack Ross Fee, Jr., as Smith was crossing an intersection in Rossville. Smith and his parents brought an action in negligence against Fee and his father (pursuant to the family purpose doctrine) for Allen Smith's injuries and other damages sustained as a result of his injuries. The pivotal fact at issue in the case is whether the incident was proximately caused by the negligence of Allen Smith in allegedly carelessly crossing the intersection or by the negligence of defendant Jack Ross Fee, Jr., in allegedly speeding through the intersection. Judgment was entered on the jury verdict for defendants and plaintiffs appeal.

Plaintiffs argue the trial court erred in permitting one of the investigating police officers to testify to his opinion regarding whether any act or omission of the defendant driver was a contributing cause of the incident. Over objection, the officer responded negatively to the question: "Based upon your investigation, . . . did you find any contributing factor, any action by [defendant driver] to contribute to this accident?" When asked what he determined to be the "contributing factor" for the incident, the officer responded: "[I]t appeared that [the victim] just stepped out in front of the truck."

The admission of the testimony of the officer was erroneous because it related to the ultimate issue of defendant Jack Ross Fee, Jr.'s alleged negligence. The officer properly testified to facts he gathered at the scene of the accident and to his own observations. However, it was for the jury to consider this testimony and other evidence presented at trial and determine whether any acts or omissions of the defendant contributed to the cause of plaintiff's injuries. "Negligence or no negligence was the very issue the jury were impanelled to try. It was the province of the jury to draw the conclusion that the defendant had been guilty [or not guilty] of negligence, and not the province of the witness, the [police officer]." *Cone v. Davis*, 66 Ga. App. 229, 235 (17 SE2d 849) (1941). See also *Calhoun v. Chappell*, 117 Ga. App. 865 (2) (162 SE2d 300) (1968).

Another officer who also investigated the incident and helped prepare the accident report with the officer mentioned above testified she reached "the same conclusions he did with respect to the report." That no objection was raised to the second officer's testimony does

not make the admission of the objectionable testimony harmless error. The second investigating officer merely testified that she reached the same conclusions as did the first officer "with respect to the [accident] report." The report itself was not submitted into evidence. The only testimony concerning the report related to facts and observations gathered by the investigating officers at the scene. Therefore, what "conclusions," if any, were contained in the report is unknown and is not at issue in the appeal. The erroneously admitted testimony concerning the first officer's opinion as to contributing cause did not refer to the accident report. Instead, the testimony was given in response to a question concerning the officer's "investigation." The second officer was questioned only in regard to the conclusions contained in the accident report. She was not asked whether she agreed with the testimony at issue in this appeal, i.e., her fellow officer's general opinion as to contributing cause. Thus, it cannot be said that plaintiffs waived their objection to the first officer's improper testimony by failing to raise an objection to the second officer's testimony that she agreed with the conclusions reached in the accident report.

*Judgment reversed. Deen, P. J., and Beasley, J., concur specially.*

BEASLEY, Judge, concurring specially.

I concur because the record is not altogether clear as to what the witness was referring to when she said she reached the same conclusions the other officer did. The questions came in the context of her describing what she saw and did when she arrived at the scene. After she testified that they situated the little boy and talked to the people who had seen the incident, she was asked:

"Q. We have already had Officer Linder testify, and I won't go through all of that again. Let me just ask you this, did you and Officer Linder prepare your report together concerning this?

"A. Yes, sir.

"Q. And so far as working with him, did you reach the same conclusions he did with respect to the report?

"A. Yes, sir."

If the conclusions regarding the cause of the incident were in the report or she had been present in the courtroom and had heard his testimony regarding conclusions so that her answer adopted them, then the lack of objection would make the erroneous admission of Linder's conclusions harmless. That is the result of the admission of opinion evidence of similar substance, unobjected to *Andrews v. Major*, 180 Ga. App. 393, 395 (2) (349 SE2d 225) (1986).

On the other hand, if the report did not contain the conclusions Linder gave, or the second officer had been sequestered when Linder testified, then there would have been no occasion for the objection.

We do not have the police report and thus do not know its contents. We are not authorized to assume that the second officer's testimony encompassed Linder's conclusions as to cause. Thus I agree that the error as to his testimony was not rendered harmless by the later testimony.

I am authorized to state that Presiding Judge Deen joins in this special concurrence.

DECIDED NOVEMBER 6, 1990.

*Gleason & Davis, John W. Davis, Jr.*, for appellants.
*Watson & Dana, Dennis D. Watson*, for appellees.