## A92A0968. EMORY v. DOBSON et al.
### (426 SE2d 50)

POPE, Judge.

This case arises from an automobile collision involving three vehicles. The plaintiff/appellant Crystal Emory brought this personal injury action alleging that defendant/appellee Tammy Dobson was negligently operating her vehicle at the time of the collision. The case was tried by a jury which returned a verdict for defendants. Plaintiff appeals from that judgment and from the trial court's denial of her motion for new trial.

Both of plaintiff's enumerations of error concern whether the trial court erred in excluding opinion evidence of the officer who investigated the collision. Before the investigating officer was called to testify, defendants renewed their motion in limine to prohibit the plaintiff from being allowed to ask the officer about ticketing the defendant for traveling too fast for conditions and determining that she was at fault in the accident. The trial court ruled on the motion and instructed the parties as follows: "You can ask the officer anything he knows from his own knowledge that's physical evidence: about what he observed, position of the vehicles, you know, what the road condi-

tions were like, perhaps what conversations he had, if any, with the parties, what he observed at the time. But as to his opinions as to the ultimate fact of who was at fault, you won't be allowed to ask him that, and you won't be allowed to ask him about any charges that he brought." (Punctuation omitted.) Plaintiff's counsel then responded: "Your Honor, I understand about not being allowed to ask him about any charges, but the man is — as an expert witness, I think, is — ought to be entitled to render an opinion based upon his investigation of the case, and his training, his experience, the photographs he's observed, the cars that he's observed, and everything else. That he can render an opinion that the following car, the last car — Ms. Dobson's car, was — he can state his opinions as to what he believed caused the accident. Whether one car was stopped before it hit another car. Why he labeled Ms. Dobson's car vehicle number one and what that means. That is that, in his opinion it was the at fault car." (Punctuation omitted.) The trial court then further instructed the parties: "Now, this rule is pretty well set, and neither one of you gentlemen should have any problem going by it. And I don't want the officer to get on the stand and be misled by the questions that you're giving him. And, you know, I go through this a lot and I don't usually have any problems with it. You can ask him about what he observed at the time, you know, what time he got the call, what time he responded, what he saw, what he talked to the witnesses about. You can ask him if he qualifies and has enough information to give an opinion as to what happened. You know, one car slid into another car and then pushed that into another car, if that's what his testimony is going to be. But you cannot go into what his opinion was about fault in the case or what charges he brought, or what the disposition of those charges were. . . ." (Punctuation omitted.)

It is well-settled that in a civil action for damages a plaintiff may not show that charges were brought against a defendant or that the defendant was required to make an appearance in traffic court for a violation of law alleged to have proximately resulted in the plaintiff's injuries. *Townsend v. Brantley*, 163 Ga. App. 899 (1) (296 SE2d 186) (1982); *Smith v. Goodwin*, 103 Ga. App. 248, 249 (3) (119 SE2d 35) (1961). It is also well-settled that "[e]xpert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the average layman." *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981).

The trial court's ruling concerning what opinion evidence could be offered by the investigating officer was correct. The record reveals the officer was allowed to testify fully about what he observed at the accident scene and to opine based on that evidence about how the

collision occurred. The trial court correctly prohibited the officer from opining concerning which party was at fault in the accident. The conclusions the jury had to draw in this case, who was at fault in the automobile collision and whether that person was operating her vehicle negligently, are conclusions that average jurors should be able to reach for themselves. See *Smith v. Fee*, 197 Ga. App. 483 (398 SE2d 801) (1990); *Felton v. White*, 197 Ga. App. 367 (398 SE2d 425) (1990).

Plaintiff posits it was error for the trial court not to allow her to ask the investigating officer the following hypothetical question: "[B]ased upon your investigation and under the circumstances on April [3,] 1989, at the location of the collision, and considering the road surface, the grade of the road, the speed of the cars at . . . approximately forty-five miles per hour, and the traffic conditions at that time, do you have an opinion whether or not approximately two to two and a half car lengths would have been a reasonably safe distance for the vehicle number one to keep behind vehicle number two?" The trial court refused to allow plaintiff to ask whether "two to two and a half car lengths" would be a "reasonably safe distance" but allowed plaintiff to ask "what distance the last car [would] have had to maintain to be able to . . . stop safely with the cars stopping in front of that vehicle."

The trial court properly sustained the objection to the hypothetical question in the manner it was phrased by plaintiff. Although police officers may give their opinion as to speed or other causal links in a collision, the officer's opinion may not suggest negligence. Allowing the officer to opine that two to two-and-a-half car lengths was not a reasonably safe distance for defendant to travel behind plaintiff under the circumstances existing at the time of the collision would be tantamount to allowing the officer to testify that the defendant was negligent, which of course is clearly prohibited. See *Smith*, 197 Ga. App. at 483 (refusing to allow police officer to testify if any action by the defendant contributed to the accident); *Felton*, 197 Ga. App. at 368 (police officer should be allowed to state conclusion concerning how collision occurred as long as the opinion does not intimate negligence on the part of any party); *Cone v. Davis*, 66 Ga. App. 229, 234-235 (17 SE2d 849) (1941) (error to ask the investigating officer the following question: "A man driving — is it your opinion or not, a man driving on a curve that close together and at that rate of speed would not be driving in a reckless manner and not in regard to safety?" because the officer's positive response was tantamount to his opinion the defendant was negligent). Accordingly, we hold plaintiff's contention that the trial court committed reversible error by failing to allow plaintiff to ask the officer the hypothetical question in the original form to be without merit.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 25, 1992.

*Louis Levenson & Associates, Louis Levenson, Moss, Clifford, Moss & Rothenberg, Robert A. Moss,* for appellant.

*Downey, Cleveland, Parker, Williams & Davis, G. Lee Welborn,* for appellees.