A93A0888. VICKERY v. PPG INDUSTRIES, INC.
(436 SE2d 68)

BIRDSONG, Presiding Judge.

After the vehicle driven by appellant-plaintiff Vickery struck a parked trailer owned by appellee-defendant PPG Industries, Inc., Vickery brought this tort action to recover for damages, claiming that the trailer had been negligently and dangerously parked. A jury returned a verdict in favor of PPG. Vickery appeals from the judgment entered on this defense verdict. *Held*:

1. During PPG's direct examination of the police officer who investigated the scene, the officer referred to his incident report. Vickery interposed the following oral motion: "In anticipation, I would object to any question . . . asking for an opinion that goes to any ultimate issues in this case." Counsel for appellee replied, "I'm just asking him what he marked on the report." The trial court ruled that appellee could not "ask the officer what is the ultimate question to be

decided by the jury . . . if [you] are planning on doing that and I know you are not." Appellee then asked the officer what he marked on his incident report. Over appellant's objection that the answer called for a conclusion, the officer was permitted to describe his form incident report as having space for categories labeled "contributing factors." Referring to appellant's vehicle, the officer marked as a contributing factor "misjudged clearance." For appellee's parked trailer, no contributing factors were marked. On appeal, appellant enumerates as error the denial of his motion for new trial on the ground that appellee introduced improper opinion evidence on the ultimate issue of negligence in violation of the trial court's ruling.

(a) There is considerable doubt whether this issue has been properly preserved for appellate review. Ordinarily, where an objection to evidence is raised for the first time in a motion for new trial or before this court, nothing is presented for review. *Jackson v. State*, 209 Ga. App. 53, 55 (5) (432 SE2d 649) (1993); *Fitzgerald v. State*, 193 Ga. App. 76, 77 (5) (386 SE2d 914). Appellant urges that his objection to the officer's answer was preserved by his motion for new trial, relying upon *Reno v. Reno*, 249 Ga. 855 (1) (295 SE2d 94). There, the Supreme Court applied the rule of *Harley-Davidson Motor Co. v. Daniel,* 244 Ga. 284 (1) (260 SE2d 20) to an oral motion in limine to exclude incompetent testimony and held that, after the grant of such a motion to exclude evidence, in order to preserve the objection for appeal, the movant need not renew his objection at trial when evidence allegedly violating that preliminary ruling is offered. "A motion in limine is a *pretrial* motion." (Emphasis supplied.) *State v. Johnston*, 249 Ga. 413, 415 (3) (291 SE2d 543). The trial court's ruling on such a pretrial motion has the effect of the pretrial order under OCGA § 9-11-16, which "controls the subsequent course of the action." *Harley-Davidson Motor Co.*, supra at 286 (1). The rule announced in *Harley-Davidson Motor Co.*, is inapplicable where a motion in limine does not seek a *pretrial* final ruling on the admissibility of evidence. *Felker v. State*, 252 Ga. 351, 364 (1e) (314 SE2d 621). See also *Leo v. Williams*, 207 Ga. App. 321, 324 (428 SE2d 108) (written pretrial motion to exclude evidence of plaintiff's driving record adequately preserves for review alleged error in the denial thereof and in the admission of such evidence); *Seay v. Urban Med. Hosp.*, 172 Ga. App. 344, 346 (3) (323 SE2d 190) (no contemporaneous objection required to preserve issue for appellate review where pretrial motion in limine is granted at the commencement of trial).

Nevertheless, the stated rule of *Reno v. Reno*, supra, has recently been applied by this court to preserve for review the alleged violation of the grant of an oral mid-trial motion to exclude evidence, even in the absence of a contemporaneous objection, where the movant asked for a mistrial before the close of the evidence. *Scott v. Chapman*, 203

Ga. App. 58, 59 (1) (416 SE2d 111), relying upon *Seay v. Urban Med. Hosp.*, supra. We need not determine whether *Scott v. Chapman*, supra, erroneously characterized the mid-trial oral application for an order as a motion in limine, because there, the motion for mistrial made before the close of the evidence on the basis of an alleged violation of the granted oral mid-trial motion is akin to a timely motion to strike illegal evidence. See *Mable v. State*, 261 Ga. 379, 381 (1) (405 SE2d 48): " 'A motion to rule out testimony *illegally* admitted even without objection is never too late until the cause is finally submitted to the jury.' [Cit.]"

Although the record here reveals no pretrial application for an order to determine the admissibility of the alleged opinion evidence and conclusively shows that appellant made no contemporaneous objection to the evidence now alleged to be violative of the grant of his oral mid-trial motion to exclude opinion testimony on the ultimate issue of fact for the jury, we will assume, but do not hold, that this objection was preserved by the grant of his mid-trial motion. Cf. *Scott v. Chapman*, supra.

(b) The testimony of the officer as to what actions he took in filling out the incident report, after having heard appellant's admission that the latter had been "too close" to the parked trailer, was not opinion testimony on the ultimate issue of negligence, in violation of the grant of appellant's motion, and the trial court did not err in denying the motion for new trial brought on this ground.

2. Appellant's sole remaining enumeration assigns error in the denial of a motion for new trial based on the "cumulative effect of two instances of juror misconduct."

" 'Any error shown upon the record must stand or fall on its own merits and is not aided by the accumulative effect of other claims of error.' " *Hess Oil &c. Corp. v. Nash*, 226 Ga. 706, 709 (177 SE2d 70). We have examined the instances of alleged juror misconduct and the trial court's prompt actions to ameliorate any possible prejudice. The two jurors involved individually promised to reach a fair and impartial verdict based solely upon the evidence presented and the poll of all the jurors shows that the verdict of none was impermissibly influenced by the alleged misconduct. This special ground for new trial in a civil action fails to show any prejudicial or harmful error against appellant. See *Von Gremp v. Barili*, 87 Ga. App. 716, 718 (1) (75 SE2d 264). The trial court did not abuse its discretion in denying a new trial on the ground asserted.

*Judgment affirmed. Pope, C. J., concurs specially. Andrews, J., concurs in judgment only.*

POPE, Chief Judge, concurring specially.

The officer did not simply testify "as to what actions he took in

filling out the incident report" as stated in Division 1 (b); rather, he read from the report his opinion that plaintiff misjudged the clearance and that this misjudgment contributed to the accident. In *Smith v. Fee*, 197 Ga. App. 483 (398 SE2d 801) (1990), we held it was error to allow a police officer to state his opinion regarding whether an act or omission of one of the parties was a contributing cause of an accident, as it was for the jury to consider all the testimony and other evidence and determine what acts or omissions of the parties, if any, contributed to the cause of the plaintiff's injuries.[1] See also *Emory v. Dobson*, 206 Ga. App. 482 (426 SE2d 50) (1992). The officer's opinion in this case was read from his incident report, and the officer's opinion in *Fee* was based on his investigation. However, this is not a meaningful distinction and does not change the fact that the challenged testimony invaded the province of the jury. I therefore conclude that admission of the officer's opinion in this case was error.

Consequently, I must address the question left open by the majority in Division 1 (a): Was this issue properly preserved for appellate review? When defendant began questioning the officer about the portion of the incident report titled "Contributing Factors," plaintiff objected generally to any question asking for an opinion going to any ultimate issue in the case. This general objection was sustained. Defense counsel then asked the officer what he marked in the "Contributing Factors" section of the report, and plaintiff again objected. The witness responded before the court ruled on this objection, however, and plaintiff did not pursue his objection further. He did not move to strike the officer's testimony and did not move for mistrial. Nor did he ask for curative instructions, even though this was the type of error which could probably have been cured by a proper jury instruction.

Plaintiff attempts to characterize his initial objection as a motion in limine, as no further action is required to preserve the issue for appellate review when evidence barred by a previously granted motion in limine is offered at trial. See *Reno v. Reno*, 249 Ga. 855 (295 SE2d 94) (1982). However, plaintiff's general objection was not a motion in limine — not because it was made during rather than before the trial, see *Scott v. Chapman*, 203 Ga. App. 58 (1) (416 SE2d 111) (1992), but because it was made in the presence of the jury. " ' "The purpose in filing a motion in limine to suppress evidence or to instruct opposing counsel not to offer it is to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury. . . . It is the prejudicial effect of the questions

---

[1] Although two judges specially concurred in *Fee* with respect to the writer's harmless error analysis, all judges on the panel agreed that it was error to admit the officer's testimony. See *Fee*, 197 Ga. App. at 484-485.

asked or statements made in connection with the offer of the evidence, not the prejudicial effect of the evidence itself, which the motion in limine is intended to reach." [Cit.]' [Cit.]" *Reno*, supra at 855-856. Accordingly, to "require the successful movant to object when evidence encompassed by the motion in limine is nevertheless offered at trial, would defeat the purpose of the motion in limine, as the movant would be forced, in the presence of the jury, to call special attention to prejudicial evidence which the trial court had previously ordered to be excluded from the jury's consideration." Id. at 856. In the instant case, this concern is not present because the initial objection was made in the presence of the jury. Thus, plaintiff should have made a further motion or objection to allow the trial court to correct or cure the error, and his failure to do so precludes reversal on this ground. For these reasons, I agree that the judgment must be affirmed.

DECIDED SEPTEMBER 22, 1993.

*Hughes & Gibson, Gilchrist M. Gibson*, for appellant.
*Shapiro, Fussell, Wedge & Smotherman, Herman L. Fussell, Scott I. Zucker, John W. Greer III*, for appellee.

