## A96A0118. McMICHEN v. MOATTAR.
(470 SE2d 800)

Ruffin, Judge.

Mildred McMichen sued Iman Moattar for injuries she sustained when the car Moattar was driving struck her as she walked across a five-lane highway. Two eyewitnesses to the accident and the investigating officer testified at trial. The jury returned a verdict in favor of Moattar. McMichen moved for a new trial, arguing that the trial court, over objections, erroneously admitted certain opinion testimony from Poland and the investigating officer. The trial court denied McMichen's motion, and she appealed. For reasons which follow, we reverse.

1. McMichen asserts that the trial court erred in admitting testimony from the investigating officer concerning the cause of the accident.

The record shows that over McMichen's objection, the trial court allowed the following testimony from the investigating officer: "Q: Did Mr. Moattar contribute to or cause the collision, the driver of the vehicle? A: No, sir, I would say no." Under the circumstances of this case, we agree that the trial court erred in admitting this testimony.

In denying McMichen's motion for new trial, the trial court relied on *Jefferson Pilot Life Ins. Co. v. Clark*, 202 Ga. App. 385 (3) (414 SE2d 521) (1991). Although we find that the legal principles expressed in *Clark* control the issue in this case, the trial court misapplied those principles.

In *Clark*, we found that as a general rule, where an investigating officer's training and experience qualify him as an expert, it is proper for the officer to testify concerning the cause of an accident. Id. at 392. The trial court in this case applied that general rule in admitting the investigating officer's testimony. However, our analysis in *Clark* did not stop there. In *Clark*, we also discussed whether the subject of the officer's opinion was a proper one for opinion testimony. Even in light of the general rule expressed above, " '[e]xpert opinion testimony on issues to be decided by the jury, even the ultimate issue, is [only] admissible where the conclusion of the expert is one

which jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the layman.' [Cit.]" Id.

This same principle was more recently espoused in *Emory v. Dobson*, 206 Ga. App. 482 (426 SE2d 50) (1992). There, we affirmed the trial court's order prohibiting the parties from asking the investigating officer who caused the collision. We found that the officer was properly allowed "to testify fully about what he observed at the accident scene and to opine based on that evidence about how the collision occurred." Id. at 483-484. However, under the facts of that case, we concluded that questions concerning who was at fault "are conclusions that average jurors should be able to reach for themselves. [Cits.]" Id. at 484.

It is apparent from both of these cases that a trial court's determination regarding admission of an investigating officer's testimony concerning the cause of an accident should depend in part on the specific facts of the case. In some cases, the circumstances may permit the officer to describe with clarity what he observed and how the collision occurred. In such cases, jurors are likely able and should be permitted to reach their own conclusions as to who was at fault. See, e.g., *Smith v. Fee*, 197 Ga. App. 483 (398 SE2d 801) (1990) (trial court erroneously admitted officer's conclusion accident was caused by the victim stepping in front of the truck).

The record in this case shows that the officer's conclusion was unnecessary and improper testimony. The collision involved only Moattar's car and the defendant. Both eyewitnesses and the officer testified concerning their observations of how the accident occurred. From this testimony, the jurors should have been able to reach their own conclusions as to who was at fault. See *Emory*, supra. Because the subject of the officer's opinion was not a proper one for opinion testimony, the trial court erred in admitting it over McMichen's objections.

2. Since the issue may arise upon retrial, we address McMichen's contention that the trial court erred in admitting certain opinion testimony from eyewitness Thomas Poland. The record shows that over McMichen's objections, the trial court permitted the following testimony during Moattar's cross-examination of Poland: "Q: Mr. Poland, do you know of anything Mr. Moattar could have done to avoid that collision? A: I don't see how he could have avoided the collision."

It is obvious from a reading of earlier cases before this Court that we issued seemingly inconsistent opinions regarding the admissibility of such testimony. See *Williams v. Williams*, 115 Ga. App. 168 (2) (154 SE2d 33) (1967); and the cases cited therein. At odds in those cases were the principles that "where a lay witness has stated all the facts on which his opinion is based it is not error for him to state his opinion as a conclusion based on such facts [cit.] . . . [and that] the

opinion of a witness is not admissible when all the facts and circumstances are capable of being clearly described so that the jury may as readily as the witness form a correct conclusion from them. [Cits.]" Id. at 170.

In *Dual S. Enterprises v. Webb*, 138 Ga. App. 810 (2) (227 SE2d 418) (1976), we observed "that when the subject matter of an inquiry relates to numerous facts perceived by the senses, to a series of instances passing under the observation of a witness, or to a variety of circumstances and a combination of appearances, which, under the limitations of language, cannot be adequately described and presented to the jury with the same force and clearness as they appeared to the witness, the witness may state his impressions drawn from, and opinions based upon, the facts and circumstances observed by him or the effect which they produced upon his mind." Id. at 811. The true test is that "[i]f the circumstances are such as to render the inference superfluous, it is excluded; if not, it is admitted." *Pride v. State*, 133 Ga. 438, 440 (1) (66 SE 259) (1909).

Under this test, the trial court did not err in admitting Poland's testimony. Although Poland described with detail his observations of what occurred, his opinion that he did not see how Moattar could have avoided the collision was not readily ascertainable from his description. Rather, under the circumstances of this case, the conclusion was an impression drawn from a totality of the circumstances, and one that Poland, who was there, was in a unique position to form. Because his testimony was not superfluous, the trial court did not err in admitting it. See id. See also *Cincinnati Ins. Co. v. Reybitz*, 205 Ga. App. 174 (2) (421 SE2d 767) (1992).

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED MAY 2, 1996 — 

*Hughes & Gibson, Ralph E. Hughes*, for appellant.
*Harper, Waldon & Craig, Thomas D. Harper, Sharon W. Ware & Associates, Lynn D. Heath*, for appellee.