## A00A1394. CLEMMONS v. SMITH.
(540 SE2d 623)

BARNES, Judge.

Joseph Clemmons appeals a defense verdict in favor of Nickie Smith, whom Clemmons sued for injuries he received when he jumped from a bridge to avoid being hit by a car. Clemmons contends the trial court erred in excluding collateral source evidence, in charging the jury on assumption of the risk, and in refusing to charge the jury on the driver's duty to maintain a proper lookout. For the following reasons, we affirm.

Viewed in the light most favorable to support the jury's verdict, the evidence shows that at about 8:45 a.m. on March 21, 1997, Clemmons was driving along Highway 247, a six-lane highway divided by a grassy median, when he saw several tires fall off the back of a pickup truck and into the far left lane of southbound lanes of travel. Clemmons stopped his car, picked up the tires, and then drove ahead to where the driver of the truck had stopped. According to the pickup truck driver, Daniel Henderson, and an investigating police officer, Henderson parked his truck on the left shoulder of the southbound side of the highway. Clemmons, however, parked his car in the middle of the left lane. Clemmons testified that he stopped there because Henderson's truck was protruding into and blocking the roadway, and because he wanted to protect Henderson from being hit by oncoming traffic. Henderson testified, however, that he was not blocking the left lane and that no tires remained in the roadway. Although the evidence on this point was disputed, the jury was authorized to infer that nothing prevented Clemmons from parking completely off the roadway.

Both Henderson and Clemmons stopped their vehicles on the Tobesofkee Creek Bridge. As drivers approach the bridge at the posted speed limit of 55 mph, sight distance is limited because the bridge is concealed behind a curve in the road until drivers are about 200 yards away from the bridge. As Clemmons was helping Henderson secure the tires in his pickup truck, several cars came around the curve in the road. Driver Andrea Burney saw Clemmons' car, braked suddenly, skidded, and swerved from the left lane into the center lane to avoid Clemmons' car. Donna Hawkins, who had been behind

Burney, also braked hard, causing her car to fishtail. Nickie Smith, who was in the center lane into which Burney skidded, moved to the left lane, not realizing that Hawkins was also braking. Smith bumped the back of Hawkins' car, which sent it careening toward the guardrail on the left side of the bridge.

Clemmons testified that he watched as Hawkins lost control of her car about 100 feet away. However, instead of retreating to safety at that point, he testified: "I stood there and watched her, didn't feel like I was in any threat at that time, because I felt like she was able to bring her car under control within the distance she had." Only when Hawkins' car actually hit the bridge 25 feet from where Clemmons was standing, sending metal flying past him, did he decide to jump off the bridge. Hawkins' car then collided with Clemmons' car, totaling it. Clemmons landed on granite rocks eight to ten feet below the bridge and injured his knee. In the time it took him to climb back onto the bridge, Clemmons claimed that Henderson must have moved his truck because it was then out of the roadway.

1. Clemmons argues the trial court erred in giving a charge on assumption of the risk. However, "when there is any evidence, however slight, upon a particular issue, it is not error for the court to charge the law in relation to the issue." (Citation and punctuation omitted.) *Russell v. Superior K-9 Svc.*, 242 Ga. App. 896, 898 (2) (531 SE2d 770) (2000). As the Supreme Court recently reiterated, the doctrine of assumption of the risk applies when the evidence supports a finding that

> a plaintiff, without coercion of circumstances, chooses a course of action with full knowledge of its danger and while exercising a free choice as to whether to engage in the act or not. In Georgia, a defendant asserting an assumption of the risk defense must establish that the plaintiff (1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed himself to those risks. Knowledge of the risk is the watchword of assumption of the risk, and means both actual and subjective knowledge on the plaintiff's part. The knowledge that a plaintiff who assumes a risk must subjectively possess is that of the specific, particular risk of harm associated with the activity or condition that proximately causes injury.

(Punctuation, footnotes and emphasis omitted.) *Muldovan v. McEachern*, 271 Ga. 805, 807-808 (2) (523 SE2d 566) (1999).

Under the peculiar circumstances of this case, the evidence was sufficient for the jury to find that Clemmons chose to park his car in

the left lane of a busy highway, on a bridge, following a blind curve, in order to protect another stopped vehicle and its driver from what he recognized as the specific risk of being hit by oncoming traffic. Further, when he saw Hawkins' car fishtailing as it approached the bridge, Clemmons chose to wait, assuming Hawkins would regain control of her car, instead of safely retreating from the roadway when he had the opportunity. Given these unusual facts, the evidence was sufficient to raise a jury question on assumption of the risk, and the charge was proper. See *Russell*, supra, 242 Ga. App. at 898; *Newman v. Collins*, 186 Ga. App. 595, 597 (1) (a) (367 SE2d 866) (1988) (physical precedent only).

2. Clemmons also argues that the court erred in refusing to give a charge on a driver's duty to maintain a proper lookout. "In order for a refusal to charge to be error, the request must be entirely correct and accurate, and adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge." (Citations and punctuation omitted.) *Ogles v. State*, 218 Ga. App. 92, 93 (1) (c) (460 SE2d 866) (1995). Because this principle of law was substantially covered by jury charges on a person's duty to drive a vehicle at a reasonable and prudent speed with regard to actual and potential hazards; not to follow another vehicle more closely than is reasonable and prudent; not to stop, slow, or swerve without adequate warning of his intention to do so; and not to collide with the vehicle in front, we find no error.

3. Clemmons sought to introduce evidence that his medical expenses were not completely covered by insurance in order to dispel what he speculated was the jury's "reasonable surmise" that those expenses had already been paid.

> We have repeatedly adhered to the rule that evidence of insurance coverage is so prejudicial by nature that it should not be admitted unless it is clearly relevant and, as with any generally prejudicial evidence, in determining its admissibility, the trial court should not admit it unless its relevance outweighs its prejudice. The prejudice lies in the infectious nature of collateral source evidence, contaminating as it does the issue of loss with the issues of injury and liability. Such evidence is prejudicial because by its nature its effect is not self-limiting, but it laps over into other considerations.

(Citations, punctuation and emphasis omitted.) *Cincinnati Ins. Co. v. Reybitz*, 205 Ga. App. 174, 176 (1) (421 SE2d 767) (1992).

As with any piece of evidence, in order to meet his threshold burden of establishing relevance, Clemmons had to show how the collateral source evidence tended to logically prove or disprove a material

fact that was at issue. See, e.g., *Owens v. State*, 248 Ga. 629, 630 (284 SE2d 408) (1981). What a juror might generally believe is not a material fact at issue. Further, although a plaintiff's damages are material, Clemmons did not argue how or why his insurance coverage evidence was clearly relevant to his proof of damages or that it was necessary to rebut anything raised by the defense. Because Clemmons failed to make the requisite threshold showing of relevance, the trial court did not err in denying his motion to introduce inherently prejudicial collateral source evidence. *Pope v. Professional Funding Corp.*, 221 Ga. App. 552, 555 (3) (472 SE2d 116) (1996).

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 12, 2000 —
RECONSIDERATION DENIED NOVEMBER 3, 2000 —

*Dozier & Sikes, Lester Z. Dozier, Jr., Reynolds & McArthur, Charles M. Cork III*, for appellant.

*Lane & Jarriel, Thomas F. Jarriel, Sherman E. Moody III, Daniel Bullard IV, Jon-Selby R. Hawk*, for appellee.