A02A0931. DELOACH v. DELOACH.
(573 SE2d 444)

RUFFIN, Presiding Judge.

Appellant, John Deloach, was riding as a passenger in a camper driven by Appellee, James Deloach, when the camper went out of control and crashed in a ditch.[1] Appellant sued Appellee for injuries he allegedly suffered in the incident, and following trial, a jury found in favor of Appellee. Appellant now challenges two evidentiary rulings made by the trial court and the court's final charge to the jury. Finding no error, we affirm.

The evidence at trial showed that on the evening of the wreck, Appellant and Appellee, who were neighbors, had met at a local nightclub where they both were drinking alcohol. When it came time to leave, Appellee agreed to give Appellant a ride home. The route took the two men through several intersections with stop signs. Appellee stopped at the first two stop signs without any problems. As he approached a third stop sign, however, the accelerator pedal stuck, and the camper would not stop. Appellee could not halt the vehicle using his brakes, and he swerved into a ditch to avoid collid-

---

[1] Although Appellant and Appellee share the same last name, there is no evidence that they are related.

ing with an oncoming car. Appellant filed this action alleging that Appellee's negligence caused the wreck.

1. Appellee pled guilty to driving under the influence at the time of the incident, and Appellant sought to have the investigating officer testify, as an expert, that Appellee's intoxication caused the crash. The trial court granted Appellee's motion in limine to prohibit the testimony, and Appellant now asserts that the court erred. We disagree.

As a general rule, "expert opinion testimony on issues to be decided by the jury, even the ultimate issue, is only admissible where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the layman."[2] Although a complex case may permit the use of expert testimony about the cause of the collision, in more straightforward cases "jurors are likely able and should be permitted to reach their own conclusions as to who was at fault."[3] A trial court enjoys broad discretion in addressing the admissibility of such expert opinion testimony,[4] and we find no abuse of that discretion here.

The evidence shows that the circumstances surrounding the cause of Appellee's crash were relatively straightforward. The jury heard that Appellee was drinking earlier in the evening, and Appellee acknowledged that he was driving under the influence on the night of the wreck. In addition, a certified copy of Appellee's guilty plea to driving under the influence was stipulated into evidence. Thus, the jury was fully informed that Appellee was intoxicated as he drove into the ditch. Whether that intoxication or Appellee's stuck accelerator pedal and other circumstances caused the wreck was not a question that required the use of expert testimony to resolve.[5] The jurors heard both parties' accounts of the incident, and from the evidence they were able to reach their own conclusions as to its cause. We find no abuse of discretion in the trial court's ruling.

Although Appellant also argues that the trial court erred in restricting the investigating officer from testifying that the defendant was intoxicated, he has not shown where in the record such ruling was made or that he preserved the asserted error for appellate review.[6] In any event, however, the transcript shows that the officer

---

[2] (Punctuation omitted.) *McMichen v. Moattar*, 221 Ga. App. 230-231 (1) (470 SE2d 800) (1996).

[3] Id. at 231.

[4] See *Dept. of Transp. v. Arnold*, 243 Ga. App. 15, 20 (3) (530 SE2d 767) (2000).

[5] See *McMichen*, supra; *Emory v. Dobson*, 206 Ga. App. 482, 484 (426 SE2d 50) (1992).

[6] See Court of Appeals Rule 27 (c) (3) (i) (requiring Appellant to cite to the record in support of asserted errors) and 27 (a) (1) (requiring essential record citations and a statement of how error was preserved for appeal).

did testify about Appellee's intoxication. And, even if he had not, it is clear that Appellant would not have been harmed by any ruling by the court prohibiting the testimony — the jury was presented with other, abundant, evidence concerning Appellee's intoxication.

2. Appellant next asserts that the trial court "erred in requiring [him] to give his opinion as to certain violations of the law by the [Appellee] including reckless driving." The subject testimony was elicited on cross-examination when opposing counsel asked Appellant whether Appellee was "driving recklessly" at the time of the wreck. The trial court overruled Appellant's objection that the question called for a legal conclusion, and he thereafter responded to the question by stating that Appellee was driving recklessly. Pretermitting whether the trial court erred in overruling Appellant's objection, we find no harm. Indeed, to the extent that the question was improper, Appellant benefitted from the court's ruling by giving his opinion that Appellee was, in fact, driving recklessly. "As both error and harm must be shown to warrant a reversal on appeal, this enumeration lacks merit."[7]

3. Appellant asserts that the trial court erred in charging the jury on assumption of risk because the evidence did not support the charge. We disagree.

The evidence here showed that Appellant arrived at the bar at approximately 9:00 p.m. Appellee arrived at the bar at approximately 10:00 p.m. and joined Appellant for a drink. Appellant did not know what other alcohol Appellee drank that night because they were seated at different tables. When it came time to leave, however, which was apparently around midnight when the bar closed, Appellant twice asked Appellee if he was able to drive, and Appellee assured him that he was. According to Appellant's trial testimony, Appellee did not appear intoxicated and was steady on his feet, but as stated above, Appellant also testified that Appellee was driving recklessly. The officer who investigated the wreck testified that Appellee had a "strong odor of alcohol," and the certified copy of Appellee's conviction for driving under the influence shows that, when he was tested, his blood alcohol level was 0.202.

"[W]hen there is any evidence, however slight, upon a particular issue, it is not error for the court to charge the law in relation to the issue."[8] "A charge on assumption of the risk is appropriate where there is evidence that the plaintiff had subjective knowledge of the

---

[7] (Footnote omitted.) *Richardson v. State*, 253 Ga. App. 555, 556 (1) (560 SE2d 65) (2002).

[8] (Punctuation omitted.) *Clemmons v. Smith*, 246 Ga. App. 643, 644 (1) (540 SE2d 623) (2000).

specific, particular risk of harm associated with the activity or condition that proximately causes injury, yet proceeded anyway."[9]

The evidence here, even if slight, was sufficient to warrant the court's instruction on assumption of risk. Appellant knew Appellee was drinking alcohol and was sufficiently concerned to twice inquire into Appellee's ability to drive. In addition, Appellee smelled strongly of alcohol, and according to Appellant, he was driving recklessly.

Finally, we note that Appellant has not shown that he timely objected to the court's charge. Although Appellant states in his brief that the trial court allowed him to reserve his objections "until time of [the] motion for new trial or appeal," he was required to raise the objection before the jury returned its verdict.[10] Accordingly, we find no error in the court charging the jury on assumption of the risk.[11]

4. Finally, Appellant asserts that there was no evidence supporting the court's jury charge on emergency. To the extent that Appellant has not abandoned this assertion by failing to support it by argument and citation of authority,[12] we find that the evidence discussed above, showing that Appellee swerved into the ditch to avoid an oncoming vehicle, was sufficient to support the court's charge.[13]

*Judgment affirmed. Barnes, J., and Pope, Senior Appellate Judge, concur.*

DECIDED OCTOBER 29, 2002.

*John E. Pirkle*, for appellant.
*Thompson & Smith, Larry I. Smith*, for appellee.

---

[9] (Punctuation omitted.) *Vaughn v. Protective Ins. Co.*, 243 Ga. App. 79, 81 (2) (532 SE2d 159) (2000).

[10] See *Powell v. Alan Young Homes*, 251 Ga. App. 72, 75-76 (2) (554 SE2d 186) (2001) ("except as otherwise provided in OCGA § 5-5-24 (c), in all civil cases, no party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection") (punctuation omitted).

[11] See *Clemmons*, supra at 645; *Taylor v. RaceTrac Petroleum*, 238 Ga. App. 761, 764 (3) (519 SE2d 282) (1999) (physical precedent only).

[12] See Court of Appeals Rule 27 (c) (2) (stating that "[a]ny enumeration of error which is not supported in the brief by citation of authority or argument shall be deemed abandoned").

[13] See *Rayfield v. Farris*, 253 Ga. App. 167, 168 (558 SE2d 748) (2002) (doctrine of sudden emergency " 'requires that the person confronted by the emergency have the opportunity to exercise one of several reasonable alternative courses of action' ").